## HERSHY v. BERMAN.

1. EVIDENCE: *Recitals in deed.*

A recital in an executor's deed of his testator's land that it was executed under a power contained in the will is not evidence of the power.

2. PRACTICE IN SUPREME COURT: *No amendment of record by agreement.*
An agreed statement in this court, of oral testimony, before a chancellor, which
does not appear upon the record, will not be considered here. It must be shown
by bill of exceptions, or by agreement of record in the trial court.

3. PRACTICE IN SUPREME COURT: *Presumption: Parol proof in chancery.*
Where there is anything in the record indicating that oral testimony was taken at
the hearing in chancery, and the testimony does not appear on the record, this
court will presume the decree to be correct and affirm it.

APPEAL from *Sebastian* Circuit Court in Chancery.
Hon. R. B. RUTHERFORD, Circuit Judge.

*U. M. & G. B. Rose* for Appellant.

Make the same points and cite same authorities as in *Hershy v. Rogers, ante.*

Not only was the deed, under which Berman claims, executed subsequently to Hershy's judgment and while the lien was in force, but it was executed under a power of attorney, and it does not appear that the power of attorney was ever filed for record, nor is it exhibited. It, therefore, affords no proof of the alleged conveyance by Wood B. Rogers. *Mansf. Dig., Sec. 661; 21 Ark., 136; 39 Ark., 182; 41 Ark., 363; 38 Id., 181; 44 Id., 517.*

*W. F. Henderson* and *Sanders & Husbands* for Appellant.

The presumption cannot obtain that proof was taken in the court below to support the decree, because: 1st. Such a presumption can only obtain where the record does not necessarily disclose what evidence was used, and when the record fails to show the whole evidence. 2d. The presumption is that the proceedings of the lower court are the same as are usually and ordinarily adopted by such courts and the general practice in such cases, unless the record shows the contrary

Hershy v. Berman.

*Gr. Ev., Vol. I, Secs. 38 and 40; Whart. Ev., Secs. 296, 1302, 1307.*

The proof in chancery cases is almost *universally* reduced to writing in the form of depositions, and any departure from the rule can only be warranted by implication from our general legislation. *3 Gr. Ev., Sec. 251; Adams Eq., pp. 698–9–700 et seq.* If oral testimony was adduced the record should *affirmatively* show it. *38 Ark., 477; 35 Id., 225.*

Although the decree uses the word "proof," the supposition is that the proof was taken in this as in other chancery cases, and reduced to record. *6 Ark., 452; 2 Id., 84.*

Berman exhibited no title. There was no evidence of the execution of the power of attorney under which the deed to Berman was executed, or of its record. *22 Ark., 136.* No proof of the will under which the executors claimed to act, or of authority to convey. The same allegations and evidence are required to maintain injunction to avert clouds as to remove them. *High Inj., Sec. 367 et seq; 37 Ark., 643.*

There is no proof of adverse possession to support claim by statute of limitations. See our brief in *Hershy v. Rogers, ante.*

*Collins & Balch* for Appellee.

Make same points as in *Hershy v. Rogers, ante.*

Every intendment will be indulged in favor of the correctness of the decree, and in the absence of a bill of exceptions or some affirmative showing that the record contains all the evidence, this court will presume the proof warranted the finding. *Hershy v. Baer, ante.*

The bill alleged title by deed from the executors, heirs, etc., of John Rogers, and title by limitation and adverse possession. The answer is not sworn to; there is no evidence to contradict

the bill, and the decree recites that the case was heard on bill, answer and *proofs*. This court will presume the proof was sufficient, in the absence of any other showing.

1. EVIDENCE:
Recitals in
deeds.

COCKRILL, C. J.   This suit is similar to that of *Hershy v. Rogers, ante,* in all respects except as to the title of the plaintiff, who is the appellee here.   His complaint alleges that he is the owner of the land.   The allegations of title are denied in the answer, and the burden was upon the appellee to establish his title.   The only proof in the record to sustain it is a deed purporting to be executed by the heirs and executors of John Rogers.   The deed recites that it was executed by the executors under a power conferred by the will of John Rogers. But no will or other authority for the sale was shown.   As this was a necessary link in the appellee's title, it was incumbent upon him to show it.   *Janes v. Williams, 31 Ark., 175; Ludlow v. Flournoy, 34 Ib., 451.*

It is admitted by the answer that Wood B. Rogers was one of the heirs of John Rogers, and it was his original interest in the land that the appellant sought to subject to the satisfaction of his judgment.   The deed referred to was executed, not by Wood B. Rogers in person, but by a third person, who claimed authority to act for him by virtue of a power of attorney.   The power of attorney was not exhibited or any proof made in reference to it.   There is, therefore, no evidence that the power exercised by the attorney was conferred by Rogers, and the deed is not operative to pass his title.   *Carnall v. Du Val, 22 Ark., 136; Du Val v. Johnson, 39 Ib., 182; Wilson v. Spring, 38 Id., 181.*

The appellee wholly failed to establish an interest in the land.   He is not even shown to be in possession, and is not in a position to invoke the aid of a court of equity in his behalf. *Hershy v. Rogers, ante.*

Counsel have entered into an agreed statement of facts here and caused it to be filed with the clerk for our considera- tion, from which it appears that oral testimony was heard by the chancellor, tending to establish title in the appellee by vir- tue of adverse possession; but this could be brought to our notice only by bill of exceptions or by agreement of record in the trial court, and must be disregarded. *Hershy v. Rogers, ante.*

2. PRACTICE IN SUPREME COURT: No amendment of record by agreement.

If there was anything in the record to indicate that oral proof was heard at the trial, we would presume that the decree is correct and affirm.   Oral testimony may be heard at the dis- cretion of the court, in chancery proceedings, but the common practice is to reduce all testimony to writing and there is noth- ing in the record to indicate a different practice on the trial of this case.

3. SAME:— Presumption as to oral evidence in chancery.

The decree must be reversed and the bill dismissed, but in view of the suggestion of counsel referred to, this will be done without prejudice to the rights of parties.