EAST *v.* KEY.

Opinion delivered November 25, 1907.

1. APPEAL—PRESUMPTIONS AS TO CHANCELLOR'S FINDINGS.—The presumptions on appeal are in favor of a chancellor's findings of fact, and such findings will be sustained unless clearly contrary to the weight of evidence. (Page 430.)

2. SAME—PRESUMPTION IN ABSENCE OF EVIDENCE.—Where a decree appealed from recites that the depositions of certain parties were read as testimony in the cause, but the transcript on appeal does not contain them, it will be presumed on appeal that the chancellor's findings of fact were correct. (Page 431.)

Appeal from Clark Chancery Court; *James D. Shaver,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This bill was filed by W. G. L. Key and J. A. McMenis aganist T. M. East, Jr., on the 10th day August, 1905. The parties had been equal partners in running a saw mill under a verbal contract made about the first of January, 1904, and the partnership continued until the first of June, 1904. No period of duration was fixed in the contract of partnership.

The object of the bill was to have an accounting and an adjustment of the differences between the partners, and for damages claimed by partners against the defendant on account of the termination of the partnership.

The answer admitted the partnership, and averred that the plaintiffs were indebted to the defendant on account of the partnership business, and that the dissolution was by consent of the partners. The testimony, of which a large amount was taken, shows the partnership accounts to be complicated.

There was a decree for the plaintiff, and the defendant has appealed.

*McMillan & McMillan,* for appellant.

*C. V. Murry,* for appellee.

HART, J. (after stating the facts.) Appellants objected that the account was not referred to a master. In the case of *Bryan* v. *Morgan,* 35 Ark. 115, EAKIN, Judge, said that it was not erroneous for the chancellor to refuse a reference to a master, but that it was not good practice. In that case the chancellor refused a motion for a reference made before he had considered the testimony. He then took the account, and announced the result without making any special findings. Here the motion for a reference was not made until the chancellor had made a detailed statement of the account and transactions between the parties and reported his special findings therefrom. Upon application of the defendant the chancellor set aside the decree, made a further examination of the accounts, and made his report of the details of the business in the same manner as if done by a master upon a reference to him. His report and special findings therefrom are embodied in the recitals of the decree.

The presumptions in a case of this sort are in favor of a chancellor's findings of fact, and such findings will be sustained unless clearly contrary to the weight of evidence, and the burden is upon the appellant to show this.

It becomes the duty of appellant's counsel to eliminate from the confused mass of testimony the particular issues, separated from the items conceded to be correct. Counsel have undertaken to re-state the account in different forms. There is a conflict

in the testimony in regard to the disputed items, but after a careful review of the testimony as abstracted we are of the opinion that the special findings of the chancellor are not contrary to the weight of evidence.

Besides, the decree recites that the depositions of T. M. East, Jr., C. W. East, J. W. Sorrels and Frank Park, taken June 6, 1906, were read as testimony in the cause, but the transcript which appellant caused to be filed in this cause does not contain these depositions. This being true, the presumption is that the findings of the chancellor are correct. *Matlock* v. *Stone, 77* Ark. 199.

Decree affirmed.

WOOD, J., concurs in the judgment for the reason that some of the depositions recited in the decree are not in the transcript.