CONE v. BLOOMER.

Opinion delivered February 17, 1908.

1. CONTINUANCES—REVIEW.—While the matter of granting or refusing continuances is largely in the discretion of trial courts, an abuse of such discretion will be ground of reversal. (Page 337.)

2. JUDGMENT—AMENDMENT—EVIDENCE.—In amending its judgment record to speak the truth, a court is not concluded by the memorandum upon the judge's docket, but may hear evidence *aliunde*. (Page 337.)

3. CONTINUANCE—WHEN REFUSAL OF, ERRONEOUS.—Where a motion was filed by the defendant to have a decree of a previous term, alleged to have been rendered by the chancellor of an adjoining circuit, entered *nunc pro tunc*, and was granted on the same day, it was error to deny plaintiff's motion for a postponement until they could procure the testimony of such chancellor upon the disputed question whether or not he pronounced the alleged decree, although this chancellor's docket contains a memorandum that such decree was rendered. (Page 337.)

Appeal from Chicot Circuit Court; *R. A. Buckner,* Special Judge; reversed.

*E. A. Bolton* and *Robert E. Craig,* for appellant.

1. The special chancellor erred in rejecting all proof of what the former chancellor had done, except the notes found on the judge's docket. In this State, whether or not a *nunc pro tunc* judgment should be entered is a question of fact, and must

be proved by the best evidence obtainable, "not only by the judge's notes, but also by other satisfactory evidence." 40 Ark. 227; 17 Ark. 100; 75 Ark. 17.

2. It ·was an abuse of discretion to refuse to continue the motion for *nunc pro tunc* decree until appellant could procure the testimony of the former chancellor. Black on Judgments, § 354; 23 Cyc. 917.

3. Appellant was entitled to reasonable notice that the defendant would move the court to grant a decree *nunc pro tunc.* 20 Ark. 636; 23 Ark. 18; 34 Ark. 300; 72 Ark. 185.

*J. C. Norman* and *R. E. Wiley,* for appellees.

1. The recitals of the decree contradict appellant's contention that the special chancellor rejected all evidence except the notes on the judge's docket, and all doubts must be resolved in favor of the decree. 67 Ark. 468.

2. Motions for continuances are addressed to the sound discretion of the trial judge, and this court will not control that discretion except in case of manifest abuse, which is not shown here. 61 Ark. 94; 62 Ark. 543; 67 Ark. 293; 70 Ark. 370; 82 Ark. 105; *Id.* 572; *Id.* 393.

3. Appellant's contention as to notice is without merit. He had notice, appeared and contested the motion. Even where there is no showing in the record that notice was given, the presumption is that it was given. 72 Ark. 185, 187.

McCULLOCH, J. This is an appeal from an order of the chancery court of Chicot County directing the entry of a decree of the court as of the preceding term. The decree was entered in a cause wherein appellants were plaintiffs seeking to foreclose a mortgage executed to them by appellees on certain lands, the sum of $1,798.50 being alleged in the complaint to be the balance due on the mortgage debt. The decree entered by the court was in favor of the plaintiffs, but only for the sum of $125. The complaint was filed on February 3, 1906, the answer of the defendants was filed during the April term, 1906, and the cause was then continued to the next November term. The record entries show that at the November term the plaintiffs filed a motion to suppress depositions taken by the defendants, and at

the April term, 1907, the order was made directing the entry of the final decree as of the November term, 1906.

The regular chancellor, Hon. James C. Norman, was disqualified by reason of having been of counsel in the case, and at the November term, 1906, Hon. E. O. Mahoney, chancellor of the 7th chancery district, held the court by exchange of districts on adjourned days of the term. At the April, term, 1907, Hon. R. A. Buckner was elected as special chancellor to hear this case, and he was presiding when the order appealed from was entered directing the entry of the decree alleged to have been rendered by the court while Judge Mahoney was presiding. The motion of appellees for the *nunc pro tunc* entry was filed on April 10, 1907, and was heard and granted on the same day.

Appellants filed their response, denying that any final decree had been pronounced by the court. They also filed their motion for a postponement in order to give them time to procure the testimony of Judge Mahoney, and alleged therein that they could prove by him that he had not as chancellor rendered any decree in the case. The court overruled the motion, and proceeded to hear the motion of appellees, with the result already stated.

We think the special chancellor erred to the prejudice of appellants in refusing to give them time to procure the testimony of Judge Mahoney. The motion of appellees was heard on the same day on which it was filed. Appellants had no previous notice of the intention of appellees to ask for an entry of the decree alleged to have been rendered at the former term, and had no opportunity to procure the testimony of witnesses. It is obvious that Judge Mahoney could testify directly upon the disputed question whether or not he had pronounced the alleged decree, and his testimony would necessarily have much persuasive force with the court in determining that question. In the interest of a complete and thorough elucidation of that question of fact, an opportunity should have been given to procure this important testimony. Appellants were guilty of no lack of diligence in procuring the testimony, for Judge Mahoney resided in a distant part of the State, and, as we have already said, appellants had no previous notice of the effort to have the decree entered.

The matter of granting or refusing continuances is one largely in the' discretion of trial courts. This court will not disturb the exercise of that discretion unless there has been an abuse of it. But when it affirmatively appears that the discretion has not been properly exercised, it becomes our duty to correct the abuse. *St. Louis, I. M. & S. Ry. Co.* v. *Powers,* 67 Ark. 142.

It appears from statements contained in the bill of exceptions certified by the learned special chancellor that he proceeded upon the theory that in determining the question before him he should consider only the memorandum found upon the chancellor's docket, indicating that a decree had been rendered at the preceding term. This was wrong, and it doubtless led him into the error of refusing the continuance. This also emphasized the propriety of having the testimony of the chancellor who held the preceding term, and who could undoubtedly throw much light on the disputed question whether he had in fact pronounced a decree.

The minutes or memoranda found on the chancellor's docket were not conclusive evidence that a decree had been rendered.

Reversed and remanded for further proceeding.