## LONDON *v.* HUTCHENS.

Opinion delivered December 7, 1908.

APPEAL AND ERROR—PRESUMPTION WHERE EVIDENCE IS NOT BROUGHT UP.—
Where a proceeding to vacate a judgment after term was dismissed
for want of prosecution, and a motion to set aside this dismissal
was made, which, after hearing evidence, was overruled, the presump-
tion on appeal will be that the motion was properly overruled if the
evidence heard by the trial court is not brought up in the trans-
cript.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge;
affirmed.

*J. E. London, pro se.*

HILL, C. J.  Hutchens sued London in a justice of the peace
court in Washington County, and obtained a judgment by de-
fault.  London appealed to the circuit court.  He lived in Craw-
ford County.  He filed a motion in the Washington Circuit Court,
praying a continuance of the cause on account of the illness of
his wife, alleging that her condition was such as required his
personal attention.  The continuance was granted, and the cause
set for a day certain of the next term of court.  Subsequently,
during the same term, it was shown to the court that London was
at Brentwood, in Washington County, and not at his home, and
the court set aside the continuance and rendered judgment against
him.  London filed a petition to vacate this judgment, which was
denied, and he appealed to this court.  His record failed to show
any final judgment, other than what purported to be such in the
bill of exceptions, which was filed out of time.  The court held
that the bill of exceptions could not be considered, and that the
final judgment should appear, not in it, but in the record entries
in the transcript; and, none being there, his appeal was dismissed,
on November 5, 1906.  *London* v. *Hutchens,* 80 Ark. 410.

Subsequently, London filed an amended petition to vacate
the judgment.  A summons was issued upon it, and Hutchens
was summoned to answer to the April term, 1907.  This was a
proceeding predicated upon sections 4431, 4433 and 4434, Kirby's
Digest, which prescribe that the trial court shall have power to
vacate a judgment after the expiration of the term at which it

was rendered for the causes which are therein made grounds for vacation.

This petition was dismissed for want of prosecution. London filed a motion to set aside this dismissal, setting forth that he had caused summons to issue to the April term, but that, owing to a misapprehension of the date of the convening of that term of court, he had failed to attend the first week of its session; and alleged other matters tending to show merit in his motion. The record recites that this motion came on to be heard, and the court, "being well and sufficiently advised in the premises, doth overrule said motion, and doth refuse to set aside the order heretofore made, dismissing said cause." From this order London has appealed.

There is no bill of exceptions, and therefore the evidence upon which the hearing was had is not preserved. The court has nothing to review. The appeal is one from the order refusing to set aside the dismissal of his proceeding for vacation of the judgment for want of prosecution. The judgment rendered against him after the cause was continued is not the subject-matter of this review. London had proceeded under the statute to have it set aside, that proceeding was dismissed for want of prosecution, and the only matter here is the order refusing to set aside that order of dismissal. The record entry indicates that the court had evidence before it, and the presumption is always indulged, in the absence of evidence being brought here, that the evidence would sustain the action of the court.

The judgment is affirmed.