## BLOOMER *v.* CONE.

### Opinion delivered November 22, 1909.

1. APPEAL—PRESUMPTION IN ABSENCE OF EVIDENCE.—Where a record in chancery shows that the case was determined upon oral as well as written testimony, the presumption, where that oral testimony is not preserved, is that the finding of the chancellor is supported by the evidence.   (Page 623.)

2. SAME—SUFFICIENCY OF ABSTRACT.—Under Rule 9 requiring the appellant to set forth in his abstract the facts and documents upon which he relies, he should set forth a succinct statement of the facts themselves, rather than his opinion of what the facts show.   (Page 624.)

3. SAME—PRESUMPTION IN FAVOR OF DECREE.—Where the decree appealed from recites that the cause was heard upon evidence which is not brought up in the transcript, it will be presumed on appeal that the chancellor's decree was warranted by the evidence.   (Page 625.)

Appeal from Chicot Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

*James C. Norman,* for appellants.

*Robert E. Craig,* for appellees; *E. A. Bolton* and *William Kirten,* of counsel.

The decree should be affirmed for failure of appellant to preserve and abstract the oral testimony heard at the trial, and has omitted from his abstract more than half of the depositions read on the part of the plaintiff. 63 Ark. 513; 72 Ark. 22; 79 Ark. 86; *Id.* 185; *Id.* 263; 80 Ark. 20; *Id.* 259; 80 Ark. 579; 86 Ark. 369; 88 Ark. 449.

HART, J.  This action was brought in the Chicot Chancery Court by the plaintiffs, Cone & Company, against the defendants, N. K. and Julia Bloomer, to foreclose a mortgage executed by the latter in favor of the former on certain lands in said Chicot County.   This is the second appeal in this case.   The former was an appeal from a *nunc pro tunc* decree of a special chancellor.

The decree was reversed and the cause remanded because the chancellor abused his discretion in refusing a continuance for the purpose of allowing plaintiff to procure testimony on the question of whether the decree had ever been granted. The case is reported in 85 Ark. 334 (*Cone* v. *Bloomer.*)

On remanding the cause, the chancellor, on November 6, 1908, after hearing the evidence, found that no final decree had been rendered in the cause, and overruled the motion for a *nunc pro tunc* decree. On motion of the defendants the cause was continued until January 6, 1909. On January 9, 1909, the chancellor found in favor of plaintiffs for $1,798.50, the full amount of their debt, and a decree of foreclosure was entered. The defendants have appealed.

It is insisted by counsel for plaintiffs that the decree must be affirmed because the transcript does not contain all the evidence upon which the cause was heard, and because counsel for defendants, in preparing their abstract of facts, have not complied with Rule 9 of the court.

The decree of the court of November 6, 1908, upon the motion of defendants for a *nunc pro tunc* decree, recites that the issues were submitted and determined on oral testimony and upon depositions. The oral testimony is not, by bill of exceptions or otherwise, brought in the record. "Where a record in chancery shows that the case was determined by the chancellor upon oral as well as written testimony, the presumption, where that oral testimony is not preserved, is that the finding of the chancellor is supported by the testimony." *Jones* v. *Mitchell,* 83 Ark. 77, and cases cited. Again in the case of *Beecher* v. *Beecher,* 83 Ark. 424, it was held: "Where a chancery cause was heard upon written and oral evidence, and the latter is not brought up on appeal, it will be presumed that the oral testimony justified the decree." See also *Meeks* v. *State,* 80 Ark. 579.

The mortgage sought to be foreclosed is made an exhibit to the complaint. It contains the following: "The sale is on condition that whereas the said N. K. Bloomer is indebted unto the said Cone & Company in the sum of one thousand dollars, evidenced by note of even date—also an account on Cone & Company's books—said note being due 30 days from date and said account being due January 1, 1905."

The mortgage bears date of December 5, 1904.

The complaint alleges that N. K. Bloomer has made divers payments on the said account, which have been duly credited thereon, and that there remains due and unpaid the sum of $1,798.50 upon said note and account. The note and account are referred to as exhibits to the complaint. The final decree recites that the cause "is submitted to the court upon the substituted complaint and exhibits and substituted answer, and the depositions heretofore taken and filed in this case, towit: the depositions of W. T. Cone and George A. Franklin, and the original books of account and the accounts filed and properly verified and the notes executed and upon the depositions of N. K. and Julia Bloomer, Lafayette Allums, J. C. Norman and J. W. Brady."

The court found that the defendant, N. K. Bloomer, was indebted to plaintiffs, W. T. Cone, J. H. Cone and G. A. Franklin, doing business as Cone & Company, in the sum of $1,798.50, and that the same was due on the 1st day of January, 1905, and a decree of foreclosure against the lands embraced in the mortgage was entered.

Counsel for appellant has not abstracted the testimony. He does set out his conclusions of the effect of the testimony, but this is not a compliance with rule 9 of the court.

In the case of *Siloam Springs* v. *Broyles,* 87 Ark. 202, in which numerous cases of the court applying the rule are cited, the court said: "It is the counsel's duty in the abstract of facts to show that the court was in error by a succinct statement of the facts themselves, rather than by his opinion of what the facts show." It is urged by counsel for plaintiffs that the abstract of defendants is fatally defective in this respect, and we think his objection well taken. For an illustration of the application of the rule, see *Jett* v. *Crittenden,* 89 Ark. 349.

But it is insisted by counsel for defendant that the account of the plaintiffs, duly verified, shows that the decree was erroneous. It is true that what purports to be this account is set out in defendants' abstract, but it nowhere appears in the transcript, and hence can not be considered on appeal. The decree recites that the cause was heard upon the "original books of account and the accounts filed and properly verified," neither of which is brought in the transcript.

"Where the decree appealed from recites that the cause was heard upon evidence which is not brought up in the transcript, it will be presumed on appeal that the chancellor's decree was warranted by the evidence." *Brown* v. *Nelms,* 86 Ark. 369, and cases cited *supra* on this question.

We find no error in the record, and the decree will be affirmed.