# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

*BRADLEY LUMBER COMPANY *v.* HAMILTON.

## Opinion delivered July 7, 1913.

1. APPEAL AND ERROR—PRESERVATION OF TESTIMONY—RECORD.—Evidence taken orally in the chancery court may be preserved only by having the same reduced to writing at the time and properly identified by the court and filed and made a part of the record, by order of the court, or afterward having it reduced to writing and brought into the record by bill of exceptions; and the court may not, by *nunc pro tunc* entry, bring into the record, by recitals in the decree of what was his recollection of testimony of witnesses. (Page 3.)

2. APPEAL AND ERROR—PRESERVATION OF TESTIMONY.—To preserve testimony taken orally in a chancery court, by recitals in the decree, the testimony itself, *in haec verba*, must be set forth at length, and a mere recital of the chancellor as to his recollections is insufficient. (Page 4.)

3. APPEAL AND ERROR—PRESUMPTION WHEN EVIDENCE IS NOT BROUGHT UP.—Where the record on appeal does not contain all the testimony taken before the chancellor, it will be presumed that every question of fact essential under the pleading to sustain the decree, was established by the absent evidence. (Page 4.)

Appeal from Bradley Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

*D. A. Bradham* and *B. L. Herring,* for appellant.

The court had the power to amend its decree by *nunc pro tunc* entry after the lapse of the term. 23 Cyc. 867; 141 Pa. St. 266, 21 Atl. 592; 70 Fed. 656, 17 C. C. A. 317; 51 Ark. 287.

It was unnecessary to bring up the oral evidence, since it is clear that it was confined to the point of identifying a record which is not in dispute. 48 Ark. 45, 50; *Id.* 60, 65.

---

*For opinion on motion to modify decree see *Bradley Lumber Co.* v. *Hamilton. Infra,* page 598.

*J. R. Wilson* and *Williamson & Williamson,* for appellees.

An amendment of a record can not be based upon a judge's recollection of the facts or his affidavit in regard to the error to be corrected. 57 Ill. App. 688; 37 *Id.* 199; 50 Mo. 490; 8 Mo. App. 290; 90 Va. 794; 30 Cent. Dig., "Judgments," 623; 13 Cal. 107; 23 Cyc. 880. The testimony of the three witnesses who gave their testimony *ore tenus* before the court, not having been brought into the record in the manner provided by law, and the rules of this court, the judgment should be affirmed. 98 Ark. 269; 77 Ark. 195; 84 Ark. 429; 83 Ark. 424, 426; 81 Ark. 428; 58 Ark. 134; 45 Ark. 240; 80 Ark. 79.

Wood, J. This suit was instituted in the Bradley Chancery Court by Mrs. A. A. Hamilton, in behalf of her husband, A. A. Hamilton, and by George Hamilton and Charlie Hamilton, in their own right, to cancel a certain deed executed by the State Land Commissioner to C. C. Colvin, and from C. C. Colvin to the appellant herein, the Bradley Lumber Company, and for an accounting for timber which it was alleged had been cut and removed from the lands by the appellant. The appellees deraigned title from the Government through an alleged patent to one John C. Gillis, and by deed from Gillis to the Hamiltons.

The appellant denied the allegations of appellees' complaint, and deraigned title through an alleged forfeiture to the State for nonpayment of taxes, and the purchasing thereof by its grantor, C. C. Colvin. Appellant also set up the two years' statute of limitation under tax title and the seven years' statute of limitation by adverse possession.

The decree in the case was rendered May 31, 1912. The decree recited that the action came on for final hearing upon the pleadings and certain documentary evidence and depositions of witnesses (naming them), certain deed and tax records brought in by the clerk, J. A. Watkins, and "the oral testimony of Henley S. Turner, H. E. Bond

and J. A. Watkins,'' taken *ore tenus* at the bar of the court, and also an agreed statement of facts.

After the term of the court had lapsed at which the decree was rendered, on January 28, 1913, appellant filed a motion for a *nunc pro tunc* order, amending the recitals of the decree so as to show that the oral testimony of Henley S. Turner, H. E. Bond and J. A. Watkins was confined to the point of identifying a record book of the county clerk's office introduced in evidence, entitled, ''Record A of Lands Sold for Taxes.'' The court heard and allowed the motion of the 19th day of March, 1913, and ordered the recitals of the decree rendered May 31, 1912, to be amended by adding, after the recital in the decree, ''and the oral testimony of Henley S. Turner, H. E. Bond and J. A. Watkins, taken *ore tenus* at the bar of the court,'' the following: ''And the oral testimony of these three witnesses was to the point, and only to the point of identifying the records of sales of forfeited lands for taxes of 1882, set out above, so far as the court remembers.''

The court could not, by *nunc pro tunc* entry, bring into the record, by recitals in the decree of what his recollection of the testimony of witnesses was, testimony taken orally before the court. The only way of preserving testimony taken orally before the chancery court was to have same reduced to writing at the time and properly identified by the court and filed and made a part of the record by order of the court, or afterward having it reduced to writing and brought into the record by bill of exceptions.

The testimony itself must be brought into the transcript of the record, and not the recollection of the judge as to what it contained, or as to what it pertained. Although the recitals of the decree in the first instance may have been as corrected by the *nunc pro tunc* order at a later term, still, this would not have been sufficient to meet the requirements of the law for preserving the testimony taken orally before the court. *Beecher* v. *Beecher,* 83 Ark. 426.

To have preserved the testimony taken orally before the court by the recitals in the decree, the testimony itself *in haec verba* would have to be set forth at length therein, and not merely a recital of the chancellor stating what his recollection of the same was. The memory of the chancellor as to the purport of the testimony can not be taken as a substitute for the testimony itself. In *Pirtle* v. *Southern Lumber Co.,* 98 Ark. 269, this court held that the certificate of the chancellor as to what a lost deposition contained is a matter outside of the record, and can not be considered on appeal. Only the record itself can be looked to, and the record of the testimony taken orally is the testimony itself, preserved in the ways pointed out above.

The chancellor might be mistaken in his recollection concerning the testimony. Therefore, the testimony itself is the only thing that can be considered. The issues in the case could not have been determined except upon a consideration of all the testimony in the case; and whether or not the chancery court erred in its findings and decree can only be determined by a consideration of all of the evidence. Since some of the testimony that was before the chancellor has not been brought into this record, we must assume that every question of fact essential under the pleadings to sustain the decree was established by the absent evidence. *Barringer* v. *Bratcher,* 90 Ark. 214; *London* v. *Hutchens,* 88 Ark. 467; *Stuckey* v. *Lockard,* 87 Ark. 232; *Brown* v. *Nelms,* 86 Ark. 368; *East* v. *Key,* 84 Ark. 429; *Beecher* v. *Beecher, supra; Hardie* v. *Bissell,* 80 Ark. 74.

The decree is affirmed.