## LOY *v.* STONE.

### Opinion delivered January 15, 1917.

APPEAL AND ERROR—CHANCERY APPEAL—FAILURE TO BRING UP ORAL EVIDENCE—PRESUMPTION.—When a chancery case is heard upon written and oral testimony, and the latter is not brought up on appeal, a conclusive presumption prevails that the evidence sustains the decree, unless the decree is without the issues, or the complaint fails to state a cause of action.

Appeal from Independence Chancery Court; *Geo. T. Humphries*, Chancellor; affirmed.

*Gustave Jones* and *Blackwood & Newman*, for appellant.

Appellee is barred by the separation agreement. The property was evenly divided and fairly, and there was nothing but good faith and fair dealing. These separation agreements are valid and enforceable. The appellee has neither homestead nor dower right. 1 Woerner on Adm. (1 Ed.) 253; 12 L. R. A. (N. S.) 848; 53 Ark. 281; 104 N. Y. 418; 67 Ark. 15; 31 *Id.* 678; 97 *Id.* 217; 9 *Id.* 501-4; 92 *Id.* 66; 7 *Id.* 519.

The appellee *pro se.*

1. Oral evidence was heard below and no bill of exceptions was filed. This court will presume that

the decree is correct. 35 Ark. 225; 45 *Id.* 240; 43 *Id.* 425; 83 *Id.* 77; 81 *Id.* 428.

2. A wife cannot relinquish dower and homestead to her husband. Kirby's Digest, § 741; 31 Ark. 678; 30 *Id.* 17; 67 *Id.* 15. She did not sign the deed nor join in the execution thereof. Kirby's Digest, § 3901; 57 Ark. 242; 60 *Id.* 270.

3. The deed to John T. Stone was not her voluntary act. It was procured by fraud and duress and void. 76 Ark. 15; 31 *Id.* 678; 14 Cyc. 123.

4. The findings are not clearly contrary to the weight of the evidence and this court will presume they are correct. 84 Ark. 429; 63 *Id.* 513; 4 *Id.* 251.

HART, J. Mrs. John T. Stone instituted this action in the chancery court against Marion Loy to recover possession of a certain tract of land. In her complaint she alleges that John T. Stone, her husband, died intestate, owning said lands as his homestead; that he left surviving him the plaintiff as his widow and several children, all adults; that the defendant had acquired his interest in the land by mesne conveyances from John T. Stone; that plaintiff did not join in any of these conveyances and did not relinquish her right of homestead to said land.

The defendant answered and denied that plaintiff had a life estate in said land. He alleged that John T. Stone and his wife, the plaintiff in this action, separated and made an agreement of separation and a division of the property; that by the terms of said separation agreement, the plaintiff relinquished her interest in the lands involved in this suit. The plaintiff contended that the separation agreement was procured by fraud and coercion and for that reason should be set aside. She further alleges that the defendant and his grantors were not innocent purchasers of the land.

Evidence was introduced by each party to maintain his theory of the case. The chancellor found in favor of the plaintiff and a decree was entered in her favor granting the relief prayed for in her complaint

and setting aside the separation deed from herself to her said husband. The defendant has appealed.

The decree contains a recital that both parties appeared in person and by attorneys, and that the cause was heard on the complaint, exhibits and depositions of the plaintiff herself and the answer, cross-complaint exhibits and depositions of M. C. Polston, J. H. Polston, G. A. Reaves, Scott Henderson and Marion Loy, defendant, and the oral testimony of numerous witnesses. The oral testimony was not brought into the record by bill of exceptions or otherwise. Where a chancery case is heard upon written and oral evidence and the latter is not brought up on appeal, a conclusive presumption prevails that the evidence sustains the decree, unless the decree is without the issues, or the complaint fails to state a cause of action. In this case the complaint stated a cause of action and the decree was within the issues. This being true, the presumption is that the decree of the chancellor is correct. *Rowe* v. *Allison,* 87 Ark. 206; *East* v. *Key,* 84 Ark. 429; *Bloomer* v. *Cone,* 92 Ark. 622; *Senter* v. *Greer,* 100 Ark. 589; *Bradley Lumber Co.* v. *Hamilton,* 109 Ark. 1.

Therefore the decree will be affirmed.