WATSON *v.* SUDDOTH.

4-7548                                                         185 S. W. 2d 932

Opinion delivered February 26, 1945.

*Elmer Schoggen,* for appellant.

*Burke, Moore & Walker,* for appellee.

MILLWEE, J. This suit was instituted by appellee, L. G. Suddoth, January 28, 1944, in the Phillips Chancery Court against appellant, E. M. Watson, and others, to cancel two conveyances as a cloud upon appellee's title to the southeast quarter (SE¼) of section twenty-eight (28), township two (2) south, range one (1) east (except 10 acres off the east end thereof), in Phillips county. All of the defendants made default except appellant who answered and appeared as a witness in defense of the suit.

It was alleged in the complaint that appellee was the owner and in possession of said lands, having acquired title to the south half of said quarter section by deed from J. S. Calfee, December 11, 1941, and that he acquired the north half thereof by deed from the Bank of Marvell, July 21, 1941. Exhibits were attached to the complaint in the form of deeds and certain court orders through which appellee deraigned title.

The two deeds alleged to have been placed of record by appellant, and which appellee sought to cancel were: (1) a quitclaim deed dated October 10, 1942, purportedly executed by the heirs of Grundy Walker and Terrill Walker to appellant to the whole of said quarter section of lands; (2) trustee's deed dated October 17, 1941, executed by S. B. Mixon, as substituted trustee, to appellant to the south half of said quarter section.

In his answer appellant admitted appellee's possession, but denied his ownership of the lands, and urged the validity of the two deeds which appellee sought to cancel. The cause was tried May 17, 1944, and the court found that appellee was the owner and in possession of the lands in controversy; that the deeds from the Walker heirs and S. B. Mixon, substituted trustee, were invalid conveyances, and same were cancelled as a cloud upon appellee's title.

The decree contained the following recital: "And this cause is submitted to the court upon the complaint of the plaintiff, with its exhibits, the answer of the defendant, documentary evidence introduced for and in behalf of the plaintiff deraigning title to the lands in controversy, the testimony of D. J. Claworthy and the testimony of the defendant, E. M. Watson."

The documentary evidence which is brought forward in the transcript tends to show that the heirs of Grundy and Terrill Walker had no title or interest to convey to appellant for the reason that their ancestors had, years before, conveyed their interest in the lands to appellee's predecessors in title. This part of the record also discloses that the mortgage or deed of trust which S. B. Mixon sought to foreclose, as substituted trustee, had been cancelled by a decretal order of the Chancery Court prior to the execution of the trustee's deed from Mixon to appellant.

The transcript contains no bill of exceptions. The oral testimony heard by the chancellor has not been preserved and brought into the record. This testimony not being before us, we must, according to the long established rule and practice in such cases, presume that the evidence sustains the decree. *Hershy v. Berman,* 45 Ark. 309; *Carpenter v. Ellenbrook,* 58 Ark. 134, 23 S. W. 792; *Beecher v. Beecher,* 83 Ark. 424, 104 S. W. 156; *Murphy v. Citizens Bank,* 84 Ark. 100, 104 S. W. 187, 934; *East v. Key,* 84 Ark. 429, 106 S. W. 201; *Brown v. Nelms,* 86 Ark. 368, 112 S. W. 373; *Rowe v. Allison,* 87 Ark. 206, 112 S. W. 395; *Bloomer v. Cone,* 92 Ark. 622, 124 S. W. 254; *Bradley Lumber Co. v. Hamilton,* 109 Ark. 1, 159 S. W. 35; *Tedford v. Click,* 114 Ark. 167, 169 S. W. 769; *Avera v. Reynolds,* 203 Ark. 1060, 160 S. W. 2d 48; *Bolin v. Kelley,* 205 Ark. 539, 169 S. W. 2d 865.

In the case of *Loy v. Stone,* 127 Ark. 147, 191 S. W. 919, Mr. Justice HART, speaking for the court, said: "Where a chancery case is heard upon written and oral evidence and the latter is not brought up on appeal, a conclusive presumption prevails that the evidence sus-

tains the decree, unless the decree is without the issues, or the complaint fails to state a cause of action." In the instant case the complaint stated a cause of action and the decree was within the issues. This being true, it must be presumed that the decree of the chancellor was warranted by the evidence.

The decree is accordingly affirmed.