WATSON v. SUDDOTH.

4-9513                                    239 S. W. 2d 602

Opinion delivered May 21, 1951.

Rehearing denied June 11, 1951.

Appellant *pro se.*

*Burke, Moore & Burke,* for appellee.

HOLT, J. This suit involves title to a 150-acre tract of farm land in Phillips County, Arkansas.

This is the fourth appearance of this case here, *Watson* v. *Dulaney,* 202 Ark. 1197, 149 S. W. 2d 563; *Watson* v. *Suddoth,* 208 Ark. 205, 185 S. W. 2d 932; *Watson* v. *Suddoth,* 209 Ark. 940, 193 S. W. 2d 326, opinion March 18, 1946.

It also appears that appellant had at one time, after removing to Missouri, invoked the aid of the Federal Courts in an effort to establish title to, and right to possession of, this 150-acre tract, *Watson* v. *Suddoth, et al.,* 177 Fed. 2d 371.

In each of the above cases, appellant was unsuccessful.

In the present suit, appellant again claimed title to the land, right of ownership, and prayed that title be quieted in him.

Appellee filed motion to dismiss on two grounds, (1) that appellant was not in possession but that appellee had been in possession, cultivating the land for a number of years, and that appellant's remedy was at law and not in a court of equity, (2) that "all issues of law and fact arising herein have been duly adjudicated and determined by this Court, the Supreme Court of the State of Arkansas and the Federal Courts, including the United States Supreme Court, and therefore movant pleads res *adjudicata* as a complete bar to this proceeding."

While both of appellee's contentions, above, might well be sustained, in an effort to put an end to this litigation, we place our decision on his second contention and hold that his plea of res *adjudicata* must be sustained.

The decree contains this recital: "All of the issues of law and fact arising herein have been duly adjudicated by this Court in the several proceedings heretofore filed herein; . . . appeals have been taken to the Supreme Court of Arkansas and affirmed; . . . In addition thereto the issues of law and fact arising herein have been duly adjudicated adversely to the plaintiff in a proceeding instituted by the plaintiff against the intervener, L. G. Suddoth, in the District Court of the United States, Eastern Division of Arkansas, . . . which judgment of the District Court was affirmed by the Eighth Circuit Court of Appeals and writ of certiorari was granted and then dismissed by the Supreme Court of the United States; . . . The plea of res *judicata* should be sustained."

Appellant testified that he was not in possession of the land. He claimed title by deeds of conveyance from the heirs of Terrill and Grundy Walker. It appears that we decided this identical contention in 208 Ark. 205, 185 S. W. 2d 932, above. We there said: "The documentary evidence which is brought forward in the transcript tends to show that the heirs of Grundy and Terrill Walker had no title or interest to convey to appellant for the reason that

their ancestors had, years before, conveyed their interest in the lands to appellee's predecessors in title.''

We said in *Missouri Pacific Railroad Company, Thompson, Trustee,* v. *McGuire,* 205 Ark. 658, 169 S. W. 2d 872: ''Briefly stated, the doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.''

It appearing that the issues presented here have already been litigated by the same parties and determined against appellant, we hold that the record fully supports the above findings of the Chancellor.

Affirmed.