JENKINS *v.* INCORPORATED TOWN OF CARAWAY.

4-9514                                        242 S. W. 2d 348

Opinion delivered July 2, 1951.

Rehearing denied October 15, 1951.

*Bon McCourtney* and *Claude B. Brinton,* for appellant.

*John S. Mosby,* for appellee.

PAUL WARD, J.    Appellant brought this action in Chancery Court on February 23, 1949, to cancel a deed made to the incorporated town of Caraway by the ''Chicago Mill & Lumber Company'' on the 10th day of October, 1934.    The property involved is Lot 8 of the town of Caraway.    Appellant, plaintiff below, claimed title to said Lot 8 by reason of Deed No. 96370 from the State Land Commissioner, dated August 6, 1948, and duly recorded, alleging that the State became the owner because said lot was subject to taxation on the ............... day of ............................., 1933, as the property of ''Chicago Mill & Lumber Company,'' that the taxes became delinquent and the land sold according to the law, and that the State duly confirmed its title by decree dated June 17, 1943.    It was further alleged that at the time the deed mentioned above was made to appellee there was not in existence any corporation named or known as the ''Chicago Mill & Lumber Company'' which, it was alleged, ceased to be

a corporate entity by that name on October 23, 1928. The prayer was that the deed to appellee be cancelled and that appellant's title be quieted.

After denying the allegations in the complaint, appellee states that it secured a deed from the ''Chicago Mill Timber Corporation'' October 10, 1934, and holds good title thereunder, and by way of cross-complaint state that the State Land Commissioner's deed and the forfeiture and sale on which it was based are void: First, because Lot 8 was not subject to taxation, being the property of the town of Caraway. Second, that the County Clerk failed to attach his certificate at the foot of the record of the list of delinquent lands showing publication of notice as required by the statute. Third, the decree of confirmation mentioned in the complaint was void because it was signed by a Special Chancellor and there is no record of his election. The prayer is that the complaint be dismissed, that the tax forfeiture and the deed from the State Land Commissioner be cancelled, and that title be quieted in appellee. The Chancellor held against appellant and confirmed the title to said Lot 8 in the town of Caraway, from which holding appellant appeals.

The proof shows that appellant does hold a deed from the State Land Commissioner, that there was an apparent forfeiture for taxes and that there was a confirmation decree, all as alleged. A deed from the ''Chicago Mill Timber Corporation'' to appellee dated October 10, 1934, and shown to have been recorded was introduced in evidence and its authenticity is not questioned, other than as stated above. Several documents from the office of the Secretary of State were introduced showing that the name of the ''Chicago Mill & Lumber Company'' had been changed in 1928 and that its successor had withdrawn from the State in 1929 (before the deed to appellee was executed, in 1934), but also showing that the ''Chicago Mill Timber Corporation'' filed articles of incorporation June 3, 1933. From the record it appears that the confirmation decree was entered June 17, 1943, and that it was signed by ''Arthur L. Adams, Special Chancellor,'' but there is nothing in the record to show the

election of Adams as such Special Chancellor. According to the undisputed testimony of the Deputy County Clerk there was no Clerk's certificate attached at the foot of the 1934 list of delinquent lands.

Immediately after the town of Caraway received its deed to Lot 8 in 1934 it began to erect buildings thereon and the time of the trial there had been built a mayor's office, police station, a fire truck house, a city jail, and an auditorium.

From the above it appears that the town of Caraway received a good and sufficient deed to Lot 8 in 1934 unless it is defeated by the tax forfeiture and sale to the State and, subsequently by the Land Commissioner's deed to appellant. Conceding, without so holding, that appellant is correct in asserting that Lot 8 was subject to taxation when the forfeiture occurred, still the sale to the State was voidable because of the failure of the Clerk to attach his certificate to the list of delinquent lands. In the absence of confirmation this omission would be fatal, as was held in the case of *Cecil* v. *Tisher and Friend,* 206 Ark. 962, 178 S. W. 2d 655. In the supplemental opinion the question was discussed at length in connection with §§ 10082, 10084 and 10085 (§ 84-1103 Ark. Stats.) of Crawford and Moses' Digest and was resolved as stated above.

Appellant contends however, that even though the sale was voidable because of the failure of the clerk to attach his certificate, yet this defect was cured by the State's confirmation decree. We would agree with this contention except for the fact that, in our opinion, the confirmation decree is void and of no effect. The decree itself shows that it was signed by a Special Chancellor and there is nothing whatever in the record to show his election as such. The case of *Wall* v. *Looney,* 52 Ark. 113, 12 S. W. 202, is in point and since the *per curiam* opinion consists of only a few lines we quote it in full. ''The record fails to disclose that the special judge who presided at the trial of this cause, was ever elected for that purpose. The motion to dismiss the appeal will be granted.''

We do not find that the *Wall* case has been overruled or modified. On the contrary, this court announced the same rule in *Arkadelphia Lumber Co.* v. *Asman,* 72 Ark. 320, 79 S. W. 1060; *Dansby* v. *Beard,* 39 Ark. 254, and *Greenstreet* v. *Thornton,* 60 Ark. 369, 30 S. W. 347, 27 L. R. A. 735.

The decree of the lower court is affirmed.