HOLLAWAY *v.* POCAHONTAS FEDERAL SAVINGS AND LOAN ASSOCIATION.

5-1809                                    323 S. W. 2d 204

Opinion delivered March 30, 1959.

[Rehearing denied May 11, 1959]

*Bryan J. McCallen* and *E. L. Hollaway,* for appellant.

*Vernon J. King,* for appellee.

GEORGE ROSE SMITH, J. This foreclosure suit was brought by the appellee to enforce a note and mortgage upon which a balance of $2,139.67 was assertedly due. The case was heard by a special chancellor, who entered the foreclosure decree that is now presented for review.

It is first contended by the appellants that the trial judge erred in not passing upon their motion to have the complaint made more definite, or, alternatively, that if the court treated the motion as a general denial then the court erred in granting a decree of foreclosure without requiring the plaintiff to prove its case. In the absence of a transcript of the evidence we are not in a position to sustain these contentions. The decree recites that the cause was heard upon the complaint with its exhibits, the answer, ''and other matters, things, and proof before the court.'' Thus it affirmatively appears that proof was heard, but apparently the testimony was not reported, for it has not been brought into the record even though the appellants' designation of the record called for the entire proceedings. In these circumstances we must assume that the missing evidence sustained the decree. *Dierks Lbr. & Coal Co.* v. *Cunningham,* 81 Ark.

427, 99 S. W. 693; *Loy* v. *Stone,* 127 Ark. 147, 191 S. W. 919; *Kimery* v. *Shockley,* 226 Ark. 437, 290 S. W. 2d 442.

A second argument is that the trial court should not have given the mortgagee a judgment for an attorney's fee of $100. It is true that for many years such a stipulation in a promissory note was held to be against public policy and therefore unenforceable, *Boozer* v. *Anderson,* 42 Ark. 167, *Arden Lbr. Co.* v. *Henderson, etc., Co.,* 83 Ark. 240, 103 S. W. 185; but in 1951 the legislature changed the rule by permitting the parties to a note to agree upon a reasonable attorney's fee for the creditor. Ark. Stats. 1947, § 68-910. We have upheld other statutes authorizing the recovery of attorney's fees, such as the act applicable to insurance cases, *Ark. Ins. Co.* v. *McManus,* 86 Ark. 115, 110 S. W. 797, and there is even less reason for saying that the constitution prohibits the legislature from authorizing the parties to make a voluntary agreement for such a fee.

It is also contended that the special chancellor did not have the authority to sign the foreclosure decree some six weeks after the case was tried and at a time when he was not physically within Clay county. The record does not positively establish the assertions of fact on which this argument is based; but even if that difficulty could be overcome the record is completely silent as to how or why the special chancellor came to be selected. Hence we would not in any event reach the point now argued. See *Wall* v. *Looney,* 52 Ark. 113, 12 S. W. 202; *Jenkins* v. *Incorporated Town of Caraway,* 219 Ark. 236, 242 S. W. 2d 348.

The appellee has filed a motion asking that the case be advanced and that the decree be affirmed under the statutes and court rule governing delay cases. Ark. Stats., §§ 27-2141 and 27-2149; Supreme Court Rule 4. We are affirming the decree, for the reasons already given; but the appellee has not complied with the requirement laid down both by the statute and by the rule, that there be endorsed on the record the assertion that the appeal is taken for delay. The statute is evidently

penal, and in the absence of any attempt by the appellee to meet its requirements we do not feel called upon to explore the question of whether the appellants should be penalized for delay.

Affirmed.