FIRST NATIONAL BANK OF MAGNOLIA, MAGNOLIA, ARKANSAS, and National Bank of Commerce of Pine Bluff, Pine Bluff, Arkansas, Plaintiffs,

v.

MAGNOLIA STEEL CORPORATION, William H. Hoster, United States of America, Herd Equipment Co., Bill Laney, Commissioner of Labor of the State of Arkansas, Oklahoma Steel Corporation and Kelso Equipment, Inc., Defendants,

The Purdy Company, Intervenor.

Civ. No. 1101.

United States District Court
W. D. Arkansas,
El Dorado Division.

Dec. 16, 1966.

collection of the principal and interest on two notes heretofore executed in favor of the plaintiffs with interest thereon. A Decree was entered on November 2, 1966, giving judgment to the First National Bank of Magnolia, Magnolia, Arkansas, and the National Bank of Commerce of Pine Bluff, Pine Bluff, Arkansas, in the amount of $260,706.55, plus interest until paid of six per cent (6%), plus reasonable attorney's fees which are the subject of this opinion.

The judgment was rendered on the two notes payable to the two banks by Magnolia Steel Corporation, Magnolia, Arkansas. One of the notes originally provided the face amount of $250,000 and the other the face amount of $40,000, together with six percent (6%) interest. The first provided for a ten percent (10%) reasonable attorneys' fee and the smaller one provided for a reasonable attorneys' fee not to exceed ten percent (10%). After judgment was rendered, the plaintiff banks filed a motion with the court for an allowance of reasonable attorneys' fees in the amount of ten percent (10%) of the total amount of the judgment, $260,706.55, plus accrued interest. The Prudy Company, intervenor in this action, has responded and alleges that ten percent (10%) is an excessive amount for attorney's fees.

Oliver M. Clegg and William B. Eckert, Keith, Clegg & Eckert, Magnolia, Ark., Stephen A. Matthews, Bridges, Young, Matthews & Davis, Pine Bluff, Ark., for plaintiffs.

Charles M. Conway and Ned A. Stewart, Jr., U. S. Attys., Fort Smith, Ark., Luke Arnett, Little Rock, Ark., Joe D. Woodward, Magnolia, Ark., William C. Schanlaber, Reinberger, Eilbott Smith & Staten, Pine Bluff, Ark., for defendants.

## MEMORANDUM OPINION

HARRIS, District Judge.

This cause came on to be heard on October 13, 1966. It is an action for the In diversity litigation, the federal courts, in the absence of countervailing equitable principles, apply state law with regard to the allowance or disallowance of attorney's fees.[1] The Statutes of Arkansas, 1951, provide for a maximum attorney's fee of ten percent (10%) of the amount of principal due, plus accrued interest, to be allowed by the courts to the prevailing party in a suit for the collection of a note when the contract makes an allowance for an attorney's fee.

Ark.Stat.Ann. § 68–910—Attorney's fee—Provision enforceable—A provision in a promissory note for the payment of reasonable attorney's fees, not to exceed ten per cent [10%] of the

---

1. Vaughan v. Atkinson, et al. (1962), 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88.

amount of principal due, plus accrued interest, for services actually rendered in accordance with its terms is enforceable as a contract of indemnity.

The provision in both notes, providing for a reasonable attorney's fee, come within the purview of the Arkansas Statute, supra.

The Arkansas Supreme Court has held that the 1951 Arkansas Statute is constitutional and will be enforced when the proper provisions are found in the notes. In upholding the statute, the Supreme Court of Arkansas, said:

> It is true that for many years such a stipulation in a promissory note was held to be against public policy and therefore unenforceable, Boozer v Anderson, 42 Ark. 167; Arden Lumber Co. v. Henderson, etc., Co., 83 Ark. 240, 103 S.W. 185; but in 1951 the legislature changed the rule by permitting the parties to a note to agree upon a reasonable attorney's fee for the creditor. Ark.Stats.1947, § 68–910. We have upheld other statutes authorizing the recovery of attorney's fees, such as the act applicable to insurance cases, Arkansas Ins. Co. v. McManus, 86 Ark. 115, 110 S.W. 797, and there is even less reason for saying that the constitution prohibits the legislature from authorizing the parties to make a voluntary agreement for such a fee.[2]

Thus, it is well settled that the banks have a right to an allowance for reasonable attorneys' fees and this is admitted by The Purdy Company. However, what would constitute a reasonable attorneys' fee is the issue in this case. The banks allege that they should be entitled to the statutory maximum of ten per cent (10%) of the unpaid principal plus accrued interest and The Purdy Company argues that a smaller amount should be awarded in order for the fee to be reasonable. The Purdy Company alleges that the amount prayed for by the banks would be unreasonable under the circumstances in this instant case.

■ The admitted proof in this case is that there were well over five hundred lawyer-hours spent thus far in an attempt to collect these two notes. It is further admitted by the banks that much of the time spent on this case by the banks' attorneys was spent protecting from other creditors the collateral that Magnolia Steel Corporation pledged in order to negotiate these notes. It is contended by The Purdy Company that the time spent protecting the collateral is not a proper charge to be considered by the court when the court determines the reasonable attorneys' fee.

The Court is of the opinion that such charges would be proper since it was necessary to protect the collateral from other creditors in order to collect the note. Had the banks' attorneys not spent the time and labor required to protect the collateral, the banks would now enjoy only a dry judgment. The Supreme Court of Arkansas recently held that when the creditor's attorneys spent time on collateral services, it is proper for the court to consider such time spent when determining the reasonable attorney's fee.[3] Therefore, all of the lawyer-hours spent on the instant case or on collateral issues will be considered by the Court when determining a reasonable fee.

■ The proper test for the reasonableness of attorneys' fees is included within Canon 12 of the American Bar Association's Canons of Professional Ethics. The test includes three elements.

(1) The time and labor required, the novelty and difficulty of the ques-

2. Hollaway v. Pocahontas Federal Savings and Loan Association, 230 Ark. 310, 312; 323 S.W.2d 204 (1959). See also: United States v. Pioneer American Insurance Company, 235 Ark. 267, 357 S.W.2d 653 (1962); May v. National

Bank of Eastern Arkansas, 231 Ark. 588, 331 S.W.2d 697 (1960); Hughes v. Lee, 238 Ark. 547, 383 S.W.2d 97.

3. American-Canadian Oil & Drilling Corporation v. Aldridge & Stroud, 237 Ark. 407, 373 S.W.2d 148 (1963).

tions involved, and the skill requisite to conduct the cause;

(2) The customary charges of the Bar for similar services;

(3) The amount involved in the controversy and the benefits resulting to the client from the services.

[4] In regards to part one of the test, the undisputed fact that over five hundred lawyer-hours have been spent on this case indicates the novelty and difficulty of the questions involved and the time and labor required. There have been over seventy-five pleadings filed in this case which compose more than two-hundred and thirty-five pages in the official court record. In addition, many depositions have been taken of key figures in this controversy in order to obtain the facts. The attorneys for the banks prepared a large portion of these pleadings and had to examine their position time and time again when new pleadings were filed. Without the work of the banks' counsel, the money to be realized from the sale of the collateral could have easily been lost to other creditors. There were many complex priority questions involved in this litigation, and the banks' attorneys have spent much time preparing briefs in order to present their ideas and position. The problems have been so complex at times, a wrong move on the part of the banks' attorneys could have lost rights that the banks now enjoy.

The customary charge of the Bar of this area for similar services is the statutory maximum prayed for here when the problems are this complex and when the amount involved is so substantial.

The time spent and labor required, the novelty and difficulty of the questions involved and the skill required and exercised by the attorneys indicate that a fee of ten per cent (10%) of the unpaid principal plus accrued interest is a reasonable fee in this unique case. The court is aware of the substantial amount involved in this case, and also of the substantial amount that it has awarded as attorneys' fees, but the court is of the opinion that the amount involved is another reason why the amount awarded is reasonable.

An order is being entered pursuant to this opinion.