## WINN v. CAMPBELL.

### Opinion delivered March 28, 1910.

1. JUDGMENT—PRESUMPTION' AS TO JURISDICTION.—When jurisdictional facts are required to be stated, but are not stated, in the record, no presumption of jurisdiction will be indulged. Thus, where, in a suit to enforce the State's lien for purchase money for Internal Improvement land, it appears affirmatively that the warning order was not published in the county where the land was situated, as required by Kirby's Digest, § 4849, the decree of foreclosure is void, and may be attacked collaterally. (Page 341.)

2. PROCESS—PUBLICATION OF WARNING ORDER.—Where the record, in a suit to enforce the State's lien on Internal Improvement land, shows affirmatively that the warning order was not published in the county where the land lay, as required by Kirby's Digest, § 4849, this jurisdictional defect will not be aided by a recital of the decree "that publication as required by the statute has been made." (Page 342.)

3. PUBLIC LANDS—BURDEN OF PROOF.—Under Kirby's Digest, § 4852, providing that "the titles to all internal improvement, seminary and saline lands heretofore sold by the State on credit, unless the evidence that the purchase money or some part thereof remains unpaid is clear and conclusive, be, and they are hereby, quieted and made valid," one who attacks the State's deed conveying internal improvement land has the burden of showing that the legal title is still in the State, and must produce the purchase money notes or account for their absence. (Page 342.)

Appeal from Ouachita Circuit Court; *George W. Hays,* Judge; affirmed.

*E. L. Carter* and *J. H. Harrod,* for appellant..

One who purchases land from a patentee of the State is entitled to presume that the patent was issued to the person entitled to receive it. 76 Ark. 525. The patent is sufficient evidence of title. 31 Ark. 609; 39 Ark. 120. A decree of a court of equity cannot be attacked collaterally, but must be attacked by bill of review in a direct proceeding. 43 Ark. 34; 11 Ark. 519; 66 Ark. 1; 72 Ark. 101. This suit is in the nature of a proceeding to confirm a tax title, and the provisions of the statute do not apply. 74 Ark. 253; 75 Ark. 176; 76 Ark. 465; 73 Ark. 27; 76 Ark. 146.·

*Gaughan & Sifford,* for appellee.

The whole record of the case must be looked to, which includes papers filed as well as record entries. 86 Mo. 358; 16 S. W. 831; 52 Ark. 312; 57 Ark. 54; 55 Ark. 35.

WOOD, J. The appellants instituted this suit against appellees for the possession of certain lands in Ouachita County. The lands were granted to the State by the United States on the 4th of September, 1841, and were Internal Improvement lands. The State, through her Commissioner of State Lands, issued her deed to Oscar H. Winn and R. F. Diebel, conveying to them the lands in controversy November 1, 1905, for the consideration of four hundred dollars. Diebel conveyed his interest to Winn, and Winn conveyed to appellant, J. R. B. Moore. This is the title under which appellants claimed.

The appellees admitted that the lands once belonged to the State as Internal Improvement lands, and that the State issued her patent to Oscar H. Winn and Robert F. Diebel. But appellees allege that when the deed was executed to Winn and Diebel in 1905 the State of Arkansas had no title to said lands, for the reason that said lands were conveyed by said State of Arkansas to one William E. Powell, January 30, 1848, and that appellees and their grantors had been in possession of the lands for twenty years, holding by mesne conveyances from Powell.

It appears from the record that the State sold the land in 1848 to one William E. Powell on a credit, taking his notes for

the purchase money. Proceedings were instituted in the chancery court of Pulaski County under the act of the General Assembly of 1887 (Kirby's Digest, § § 4848 and 4849), to enforce the lien of the State for the purchase money, and a decree was entered on the 5th of December, 1887, ordering the lands sold, and the lands were sold under that decree to the State. The State then at the time she sold to appellants Winn and Diebel held under that decree. The appellants must recover upon the strength of their own title. It is not a question of whether appellee, Campbell, has title. He and those under whom he claims show possession from 1866. Appellants to oust him of possession must show title in themselves. Have they shown that the decree of the chancery court of Pulaski County was valid?

The act under which the suit was brought, among other things, provides: "In bringing said suits it shall not be necessary to make the purchaser or purchasers or his or their heirs and legal representatives, or the occupiers of said lands, or any other person defendants, but the complaint shall pray that notice be given of the pendency of the suit, as hereinafter provided, and the suit shall proceed as in actions *in rem.*" Section 4848.

"When the bill has been filed the clerk of the Pulaski Chancery Court shall docket the case, and shall make an entry thereof in his record of the proceedings of the court, which shall state the general object of the bill, etc.; * * * a copy of this entry, duly certified by the clerk, shall be published by four successive weekly insertions in a newspaper printed in Little Rock, and in a newspaper printed in the county in which such lands are situated, the last insertion of such publication being two weeks before the first day of the next term of the chancery court, the same being stated, at which all persons interested shall take notice thereof. And to suits so begun and advertised, if no person shall appear and defend in his or their own rights, the court shall at the term after the notice has been given, as aforesaid, declare the lands subject to the lien of the State that shall be proved to extend over them, and enter a decree of foreclosure and sale." Section 4849, Kirby's Digest.

The publication required by the statute was intended as a substitute for personal service, and, in order to give the court

jurisdiction, compliance with the terms of the statute was imperative.

The statute provides that the "complaint shall pray that notice be given of the pendency of the suit as hereinafter provided." It is after provided that the clerk "shall docket the case and make an entry thereof in his record of the proceedings of the court, which shall state the general objects of the bill, and *what lands it proposes to subject to foreclosure,"* etc., and "a copy of this entry, duly certified by the clerk, shall be published," etc. It will be observed that the statute requires *an entry of record* showing *what lands are to be "subject to foreclosure."* The record entry recites as follows:

"The State of Arkansas has this day filed her complaint in equity to enforce her vendor's lien upon the following described lands, towit: The east half of the southeast quarter of section 2, township 15 south, range 19 west, 80 acres of Internal Improvement land in Columbia County, Arkansas," etc. It then recites the sale to Powell in 1848, and follows with a warning order.

It is unnecessary to set forth in detail the various record entries, from the filing of the bill to the confirmation of the report of the commissioner appointed to make the sale. It suffices to say that, taking the whole record, it shows conclusively that the chancery court proceeded under the belief that the lands against which the State sought to enforce her lien by foreclosure under the terms of the statute were situated in Columbia County, and not in Ouachita County. The record, as a whole, we think, shows affirmatively that the publication was made in Pulaski and Columbia counties, but not in Ouachita County, where the land is situated. When jurisdictional facts are required to be stated, and are stated in the record, no presumption as to jurisdiction will be indulged. It follows that the chancery court of Pulaski County was without jurisdiction to render the decree under which appellants claim title to the lands in controversy. The decree is void, and may be attacked collaterally. Appellants acquired no title from that source.

The case of *McLain* v. *Dunbar,* 57 Ark. 49, was a foreclosure under the same statute, and the court held, under the facts of that case, that the recital "that notice was given as required

by the statute," without specifying how the notice was given, was sufficient; that the decree of the court containing such recital was valid against collateral attack. The record in that case reciting that notice was given, but being silent as to how it was given, the court indulged the presumption that the chancery court found upon proper evidence that notice had been given as required by the statute. The court also held in that case that the statute did not require that the evidence of publication be made a part of the record. But the court did not hold that it was unnecessary for the record to show what lands were to be subjected to foreclosure. That question was not presented in that case. It did not appear affirmatively from the record in that case, as it does in this, that the notice was not given as the law requires, and therein is the marked distinction between that case and this. Here the whole record, taken together, affirmatively shows that the notice was not published in Ouachita County, where the land is situated, as the law requires, and that therefore the recital of the decree "that publication as required by the statute has been made" was in fact untrue. In *Gregory* v. *Bartlett,* 55 Ark. 30, Chief Justice COCKRILL, speaking for the court, said: "If such evidence is not required by the statute to be placed upon the record, and the record recites, or is silent as to, the facts necessary to show jurisdiction, their existence will be presumed; but no presumptions are indulged when the evidence is stated upon the record, or where the statute requires the jurisdictional facts to appear of record, and they are not made so to appear." In the case at bar the evidence is put upon the record in various entries from the filing of the bill to the last entry confirming the report of the commissioner, and these entries clearly show that the lands against which the foreclosure proceedings were instituted were described as "situated in Columbia County, Arkansas." We can not indulge any presumption, in the face of these entries, that the court heard evidence and found that the lands were in fact situated in Ouachita County, and that the publication was also made in that county.

Appellants, on whom was the burden, do not show that, notwithstanding the void decree, the legal title was still in the State at the time of the deed to them. The notes are not pro-

duced by them, and they are not accounted for. The evidence therefore is not clear and conclusive that the purchase money, or some part thereof, remains unpaid. See section 4852, Kirby's Digest.

The judgment of the circuit court is therefore correct, and it is affirmed.