## TEDFORD v. CHICK.

### Opinion delivered July 13, 1914.

1. APPEAL—EVIDENCE—IDENTIFICATION.—On an appeal from a decree in chancery, testimony which is not identified as that taken before the chancellor, nor authenticated, in any manner, will not be considered, not being properly brought into the record.

2. APPEAL AND ERROR—DECREE—PRESUMPTION.—Where the evidence in a chancery cause is not properly brought into the record, there is a conclusive presumption that the same sustains the decree.

Appeal from Pulaski Chancery Court; *Jno. E. Martineau,* Chancellor; affirmed.

*James A. Comer,* for appellant, W. L. Tedford.

1.    Appellant was a *bona fide* holder of the note and mortgage, in the usual course of business for a valuable consideration before maturity and without any knowledge of any defense that could be made. *Swift* v. *Tyson,* 16 Peters 1; 85 Ill. 439; Acts 1903, No. 81, § § 57-8-9; 62 Ark. 595; 4 A. & E. Enc. Law, 221; 20 How. (U. S.) 343.

2.    The chancellor relied on 62 Ark. 595, but overlooked the act of 1903, No. 81. The assignment was not

without recourse, nor did it destroy the negotiability of the instruments. *Neeley* v. *Black,* 80 Ark. 212; Dan., Neg. Inst. (5 ed.), § 700; 39 Mo. 536; 36 L. R. A. 117; 86 Mich. 307.

*J. A. Watkins,* for F. M. and Carrie Chick.

Tedford took only such interest as McIntosh had under the assignment. Any defense appellees had against McIntosh could be pleaded against Tedford. 62 Ark. 595. There should have been no personal judgment against the Chicks. The commission was excessive.

*W. C. Adamson,* for Lillie Beeber.

The cases of 62 Ark. 595, and 39 Mich. 171, settle this case. 80 Ark. 212, is not in point. The decree is fully sustained by the evidence, and should be affirmed.

HART, J. Lillian Beeber, Francis M. Chick and Carrie L. Chick instituted this action in the chancery court against R. E. Chambers, R. R. McIntosh and the Tedford Auto Company. The object of the suit was to set aside and cancel a note and mortgage for eight hundred dollars given by Francis M. and Carrie L. Chick to R. R. McIntosh. The complaint alleges substantially the following state of facts:

Carrie L. and Francis M. Chick owned certain real estate in the city of Little Rock, upon which there was a mortgage for six hundred dollars. They listed the property for sale or exchange with the defendant McIntosh, a real estate agent, at twenty-seven hundred dollars. Lillian Beeber owned certain country property which she listed for sale or exchange with the defendant R. R. McIntosh at thirty-five hundred dollars, and there was a mortgage on this property for six hundred dollars. The defendant McIntosh arranged an exchange of the Chick property for the Beeber property, and this exchange was consummated by the execution of deeds between the parties. The Chicks executed a mortgage to R. R. McIntosh for eight hundred dollars on their property. It is alleged in the complaint that McIntosh procured an exchange of

the property by means of fraudulent representations, which we do not deem necessary to set out.

The Tedford Auto Company and Tedford answered and filed a cross-complaint, asking for a foreclosure of the eight hundred dollar mortgage. They allege that McIntosh transferred the note and mortgage to the Tedford Auto Company, and it, in turn, transferred them to Tedford. They allege that Tedford is a *bona fide* holder, for value, before maturity, in the usual course of business.

The plaintiffs denied that either Tedford or the Tedford Auto Company were *bona fide* holders, for value, before maturity of the note and mortgage, and allege that the sale and transfer of them to the auto company and to Tedford was a pretended and simulated transfer.

The chancellor, after hearing the evidence, entered a decree cancelling and setting aside the eight hundred dollar mortgage, but found that the Chicks owed to McIntosh the sum of three hundred and fifty dollars as commission for exchanging their property and decreed that this amount should be a lien on their real estate.

The defendant Tedford alone has appealed.

(1) The decree recites that the cause was heard on the complaint, the substituted answer, the cross-complaint of the Tedford Auto Company and W. L. Tedford and the testimony of certain named witnesses. This recital shows that the testimony of witnesses was heard in the cause not in the form of depositions. *Murphy* v. *Citizens Bank of Junction City*, 84 Ark. 100. There is copied in the transcript what purports to be this testimony taken down by a stenographer and afterward reduced to writing by him. It is not even authenticated by the stenographer. But, as said in the case of *Rowe* v. *Allison*, 87 Ark. 206, even if it were, that would be insuffiicent to preserve oral testimony in a chancery case unless the same was treated as depositions and filed and identified as such. An examination of the purported testimony, as it appears in the transcript, shows that it was taken before the court at the trial of the case by a stenographer and was afterward reduced to writing by him. No bill of exceptions

has been signed by the chancellor or filed with the clerk. The purported testimony does not even show it was filed with the clerk. There is nothing whatever to show that the testimony was ever filed and made a part of the record in the case. There is nothing to identify the testimony as that heard by the chancellor on the trial of the case. It is not authenticated in any manner. In the case of *Beecher* v. *Beecher*, 83 Ark. 424, the court said:

"If oral testimony was taken before the court, it could be reduced to writing and filed as depositions, like depositions taken before any other officer; then it would be identified, and reference to the depositions in the decree would make certain the evidence upon which it rested. Or it may be reduced to writing afterward and brought into the record by bill of exceptions. In this case neither course was pursued, and hence this unauthenticated testimony which is in the transcript can not be considered. It is no part of the clerk's duty to certify to oral testimony, and his certificate to it necessarily goes for naught."

(2) Therefore, we hold that the oral testimony was not properly brought into the record, and is not now before the court. There is a conclusive presumption that the evidence sustains the decree of the court so far as it is possible for a decree based on the complaint to be sustained by the evidence.

It follows that the decree will be affirmed.