BRITT *v*. HARPER.

## Opinion delivered January 28, 1918.

1. TAX SALES—VALIDITY—CONVENING OF COURT ON IMPROPER DAY.—A sale of land for the nonpayment of taxes is void where the levying court, which levied the taxes, convened on a day other than that required by law.

2. TAX SALES—VALIDITY—RIGHT OF MORTGAGEE IN POSSESSION.—A mortgagee in possession has the right to take the necessary and proper action to protect that possession, and may maintain an action to cancel an invalid sale of the land for taxes.

Cross-appeals from Union Chancery Court; *James M. Barker,* Chancellor; reversed on cross-appeal, affirmed on appeal.

*George M. LeCroy,* for appellant.

1. Appellees were not entitled to a perpetual injunction; they had no title to the land and had not been in possession long enough to claim by adverse possession. 22 Cyc. 750; 15 Cal. 496.

2. Appellant having a lien for taxes was entitled to possession. Kirby's Digest, § 2759; 84 Ark. 587; 1 Story, Eq. 483; Whittaker on Liens, 68; 30 Ark. 122.

3. Appellees attempting to base their title and right of recovery upon adverse possession was not entitled to affirmative relief of any kind. 129 Ark. 390.

4. Appellees are estopped from disputing appellant's title. 1 Cyc. 1095.

5. The tax sale was not void. 80 N. W. 484; 59 Neb. 170. See also Kirby's Digest, § 7105. Const., art. 7, § § 8, 12, 31.

*W. E. Patterson,* for appellees.

1. The injunction was properly issued. Appellees had no other adequate remedy. Appellant did not own the land and was not entitled to possession.

2. The tax sale was void. 68 Ark. 340; 69 *Id.* 576; Kirby's Digest, § § 5057, 7105; 73 Ark. 557; 84 *Id.* 8; 76 *Id.* 25. The title should be quieted in Mrs. Harper.

SMITH, J. One John Daniels purchased three forty-acre tracts of land in 1902 from one J. J. Cottrell, and about this time Daniels executed a deed of trust on the land to a Doctor Harper, for $320, to secure the payment of a note for that amount, and it is said that this loan represented the purchase money of the land. Daniels went into possession of the land, and improved a portion of it, but failed to discharge the deed of trust. Prior to his death, Doctor Harper assigned the note and deed of trust to his wife, and, in 1908, the debt remaining unpaid, Mrs. Harper took from Daniels a deed to the land, which she supposed conveyed the entire tract but which failed, in fact, to include the forty in controversy here. Mrs. Harper was represented in the transaction by one W. E. Mason, who explained that the deed did not include this forty, because it had been sold for the nonpayment of taxes and that he desired that matter closed before taking the deed. He also testified that he canceled the deed of trust of record in so far as it related to the two forties conveyed in the deed, but that he left the deed of trust unsatisfied as to the remaining forty, because the deed of trust was not to be fully satisfied until the title to that tract of land had been cleared, and the testimony is to the effect that Mrs. Harper took possession of this forty along with the other two, and that, while she assumed that she was taking possession under a deed conveying the three forties, her attitude as to the disputed forty was that of a mortgagee in possession. Daniels left the land in possession of one Jordan Wysinger, who cultivated the land during the year 1909 but paid no rent thereon to any one. There is conflicting testimony in regard to the possession of the land from and after 1908 to the year 1911, since which time, according to the finding of the court below and the preponderance of the evidence, Mrs. Harper has had continuous possession.

Appellant Britt, by quitclaim deed, acquired the title of a tax purchaser, and immediately undertook the assertion of that title by bringing suits for rent and other

purposes, and by putting his tenants in possession of a portion of the land.

Mrs. Harper and her tenant thereupon brought this suit to enjoin Britt from bringing a multiplicity of suits against her and her tenant, and she prayed also for the cancellation of the outstanding tax title. An answer and cross-complaint was filed by Britt, in which Mrs. Harper's title and possession were denied, and Britt alleged his own title under the tax deed to his grantor, and there was a prayer for possession, for an accounting as to rents, and for a decree quieting and confirming Britt's own title. A reply to the answer and cross-complaint was filed, in which it was alleged that the tax sale under which Britt's grantor purchased was void, for the reason that the levying court which undertook to levy the taxes for the year 1902 (the taxes for the nonpayment of which the land was sold) convened on the third Monday in October, 1902, and not on the day required by law for said court to be held.

The chancellor made findings of fact upon all the disputed issues in the case, and we are unable to say that any of these findings are clearly against the preponderance of the evidence. The court found that Mrs. Harper had had continuous possession of the land for the period only of six years, and, as she was unable to produce any evidence of a paper title, the court denied her prayer that her title be quieted. The court further found that the quorum or levying court of Union County convened for the first time in the year 1902 on the third Monday of October, at which date the taxes were levied, and that the sale of the land for the nonpayment of these taxes was void. The court further found that Mrs. Harper, through her tenant, had entered into the possession of the disputed land under the assumption that her deed therefor described the land, and it also appears that, in any event, her attitude was that of a mortgagee in possession under an agreement for a deed, and that, as such, she had the right to maintain an action to enjoin Britt from interfering with her possession and to cancel the outstanding tax title as well.

The court made perpetual the temporary restraining order which had been issued during the pendency of the litigation, thereby perpetually enjoining Britt from interfering with Mrs. Harper's possession, and Britt has appealed from this decree. For the reasons stated in the decree, that Mrs. Harper had not had the possession of the land for a period of seven years, and because she had no paper title thereto, the court refused to grant her the affirmative relief of canceling the outstanding tax title, although the court held that the sale upon which that title was based was void for the reasons previously stated, and refused, on that account, to award Britt the possession of the land. Mrs. Harper prayed a cross-appeal from this decree.

Appellant concedes that the court properly held the tax sale void under the authority of the cases of *Berger* v. *Lutterloh,* 69 Ark. 576, and of *Hilliard* v. *Bunker,* 68 Ark. 340, where it was held that a sale of land for nonpayment of taxes is void where the levying court, which levied the county taxes, convened on the third, instead of the first, Monday in October. Appellant presents a strong argument against the correctness of these decisions. But, inasmuch as they have become rules of property, we decline to review them, and affirm the action of the court below in holding the tax sale void.

Upon the authority of the case of *Richards* v. *Howell,* 129 Ark. 390, 196 S. W. 483, the action of the court, in denying Mrs. Harper the affirmative relief of quieting her title, would have been proper had her right to this relief been predicated alone upon her adverse possession. But this relief should have been granted her upon another theory, and that is, that she was a mortgagee in possession, and, as such, had the right to take the necessary and proper action to protect that possession, and the court should, therefore, have canceled the tax title.

The decree of the court below will, therefore, be affirmed on the appeal, and reversed upon the cross-appeal, and the cause will be remanded with directions to the court below to cancel the outstanding tax title.