SCHUMAN *v.* METROPOLITAN TRUST COMPANY.

4-5676                                        134 S. W. 2d 579

Opinion delivered November 27, 1939.

*Fred A. Snodgrass, Lee Ward* and *O. T. Ward,* for appellant.

*Taylor Roberts,* for appellee.

MEHAFFY, J. The appellee, Metropolitian Trust Company, filed suit in the Pulaski chancery court alleging that it was the owner and in possession of the property described in its complaint; that it was the owner of said property by virtue of *mesne* conveyances from the United States Government; it further alleged that it was informed and believed that the appellant, Manie Schuman, on January 3, 1939, obtained from the State Land Commissioner, Otis Page, a forfeited land deed which purports to convey the said land under a forfeiture and certification to the state for the delinquent taxes for the year 1935; that the sale of said land to the state for taxes was void and conveyed no title, and that the deed from the Commissioner of State Lands to Manie Schuman was void and invalid and conveyed no title. Appellee then, in its complaint, alleges eleven reasons why the tax sale was void, and states that before filing suit it had tendered to the appellant, Manie Schuman, the amount of taxes for which the land forfeited, with interest thereon, together with all taxes subsequently paid by appellant; no

improvements or betterments had been placed on the property, and the tender of taxes had been refused by the appellant. The affidavit of such tender was filed in the office of the chancery clerk before filing suit; that the appellant, Florence Schuman, claims some interest in the property as the wife of appellant, Manie Schuman; that the deeds above-mentioned constituted a cloud on petitioner's title. The prayer was that the deed from the state of Arkansas to Manie Schuman and Florence Schuman, his wife, be canceled, set aside and held for naught, and that the sale of said lands to the state of Arkansas for the taxes of 1935 be declared void.

The appellants answered denying all of the material allegations in the complaint, and prayed that the appellee take nothing, and that their title to said property be confirmed.

The court found that the sale by the collector of Pulaski county on November 2, 1936, of said lands to the state of Arkansas for the nonpayment of taxes for the year 1935 was void and invalid and conveyed no title to the state of Arkansas, and that the deed from Otis Page, Commissioner of State Lands, to Manie Schuman, is void and invalid and conveyed no title; that the said tax forfeiture for the taxes of 1935 and the sale of said lands by the collector on November 2, 1936, to the state of Arkansas, and the deed from the State Land Commissioner to the appellant constituted a cloud upon appellee's title, and that said tax forfeiture and sale should be canceled and set aside and held for naught. The court further found that prior to the institution of the suit and immediately after the sale by the state to appellant, the appellee tendered to the appellant the amount of money appellant paid to the State Land Commissioner, and that said tender was again made in open court and refused by appellant. A decree was entered according to the findings of the court.

The appellants excepted and prayed an appeal to the Supreme Court. The case is here on appeal.

The evidence showed that the amount of taxes and interest had been tendered to the appellant before suit was brought.

L. A. Mashburn, Pulaski county clerk, who was chief deputy prior to January 1, 1939, testified from the records that the property was sold in November, 1936, for the delinquent taxes of 1935; that the record of delinquent taxes was on page 40 of the record; that it was published in the newspaper, and the land was sold in 1936. He then introduced the certificate of the publisher of the notice, which shows that the first publication was made on October 24, 1936, and the last on October 31, 1936. The certificate of the county clerk was introduced by B. T. Hoff, clerk of the county court, certifying that the record, pages 1 to 355 inclusive, contains a true and correct amount of the delinquent lands, and that said list was published in the *Arkansas Gazette,* the first publication being on October 24, 1936, and the last on October 31, 1936.

The appellant, Manie Schuman, testified that the appellee offered his money back plus $20 for the five acres, and made no reference to the seven-acre tract and a fractional tract; that his business was tax title and oil business; he buys all over the country; is at the State Land Office a good deal of the time; sometimes deeds lands back for what it costs him; does not want to hold anybody up.

Appellant argues that there is but one question involved, and that is: Does the failure of the clerk to "make the certification of the publication of the delinquent list before the day fixed for the sale of said lands" render the sale void? Appellant further states:

"The evidence establishes the fact that the sale of the lands involved herein occurred on the 2nd day of November, 1936, and that the clerk's certificate of the publication of the sale was entered on the 5th day of November, 1936. That was 3 days after the sale."

There is, however, a further question. It is alleged by appellee and not denied by appellants, that the delinquent list for the year 1935 was not advertised and published in accordance with the law.

We deem it unnecessary to discuss any question in this case except the question of the notice of sale. Section

13847 of Pope's Digest provides for the notice, and reads as follows:

"There shall be published once weekly between the fifteenth day of October and the first Monday in November, in each year, in any county publication qualified by law, a notice to the effect that the delinquent lands, tracts, lots or parts of lots so entered in said delinquent land book will be sold, or so much thereof as is necessary to pay the taxes, penalties and costs due thereon, by the county collector, at the courthouse in said county (or district) on the first Monday in November next, unless the taxes, penalties and costs be paid before that time, and that the sale will be continued from day to day until the said tracts, lots and parts of lots be sold. Said notice of sale of delinquent real estate for taxes shall be printed as may be provided by law."

It will be observed that the law requires the notice to be published once weekly between the fifteenth of October and the first Monday in November. The former statute required publication of the notice to be published once each week between the first Monday in November and the third Monday in November. The present statute is the same except the dates on which notice is to be published.

This court said in the case of *Edwards* v. *Lodge,* 195 Ark. 470, 113 S. W. 2d 94: "The requirement that 'there shall be published once weekly' means once a week. 'Weekly' as defined by Webster, means 'coming, happening, or done once a week.' The law requires the notice to be published in 'any county publication qualified by law,' and this means in one publication or one newspaper. 46 C. J. 560.

"Act 16 requires the publication of the notice once a week between the first Monday in November and the third Monday in November. There could, therefore, be but two publications in a weekly paper, and the act evidently requires that it be published each time in the same paper. *Tully* v. *Bauer,* 52 Calif. 487; *Townsend* v. *Tallant,* 33 Calif. 45, 91 Am. Dec. 617."

In construing statutes, it is the duty of the court to ascertain the intention of the legislature, and this intention is arrived at by what the legislature said, and in getting at the meaning from what they have said, it is proper to take into consideration not only the entire act in question, but other statutes on the subject.

When this statute is given a common sense construction, there can be no doubt that the intention of the legislature was that there should be at least two weeks' notice given. This could be done, under the statute, by publishing the notice on October 16 and another notice the following week; but instead of publishing the notice between October 15 and November 1, it was published between October 23 and November 1. It, therefore, gave but one week's notice, and it is clearly the intention of the legislature that there shall be two weeks' notice.

In the case of *Townsend* v. *Martin*, 55 Ark. 192, 17 S. W. 875, Chief Justice COCKRILL, speaking for the court, said:

"The notice for the sale upon which the forfeiture to the state is based was not published for the full time prescribed by the statute by three days. It is conceded that that fact is established by the record. The previous decisions of this court upon the subject of tax titles are uniform to the effect that failure on the part of an officer engaged in the proceedings devised for raising the revenue to observe a requirement of the statute, the non-observance of which tends to deprive the landowner of a substantial right, will avoid the deed. The rule was clearly formulated by Judge SCOTT in *Patrick* v. *Davis,* 15 Ark. 363. It had been enforced in previous cases, and has been steadily adhered to since. Notice of the intended sale is of the first importance to the owner, for the reasons assigned in *Patrick* v. *Davis,* 15 Ark., *supra,* and in *Thweatt* v. *Black,* 30 *id.* 739. The failure, therefore, to give notice in the manner or for the length of time prescribed by statute is prejudicial to the owner's interest, and will avoid the sale."

"The first proceeding usually required of the officer who is to make sale is, that he shall give public notice of

his intention to do so. A notice of sale, as required by statute, is necessary to authorize a tax sale and the absence of the notice renders the sale void. This is one of the most important of all the safeguards that have been deemed necessary to protect the interests of persons taxed, and nothing can be substituted for it or excuse the failure to give it. The notice being a prerequisite to the officer's authority, the fact that in the particular case it can be shown that the party concerned was fully aware of the proceedings will be of no avail in supporting them. He is under no obligation to take notice of the proceedings unless notified.'' 3 Cooley on Taxation, § 1409.

There are a number of cases holding, in effect, that the certificate of the clerk filed after the time fixed by law, does not avoid the sale; but these decisions, for the most part, were rendered when act 142 of the Acts of 1935 was in effect; that statue, however, was expressly repealed before this suit was begun.

We know of no authorities, however, that have held that one week's notice is sufficient, where the statute provides for two weeks' notice.

The chancellor correctly held that the sale was void, and the decree is, therefore, affirmed.