REYNOLDS v. McHENRY.

4-5848 140 S. W. 2d 106

Opinion delivered March 18, 1940.

*Claude E. Love,* for appellant.

*Tom Marlin,* for appellee.

HOLT, J. Appellants bring this appeal from a decree of the Union chancery court awarding appellee, H. W. McHenry, $766, the value of timber alleged to have been taken from lands claimed by appellee.

Suit was originally filed in the Union circuit court, second division, but was later transferred to the chancery court.

Appellee alleged in his complaint that he is the owner of the lands from which the timber had been cut and removed by appellants; that they had entered upon his lands and cut and removed the timber without right or authority, and sought judgment for the value thereof in the amount of $766.

Appellants filed answer and cross-complaint. In their answer they entered a general denial and in their cross-complaint alleged that they had purchased the timber on the lands in question from W. T. Flournoy, who was the owner of the timberland at the time.

They further alleged that the lands in question became delinquent for the general taxes due thereon for the year 1933 and on the 19th day of November, 1934, were sold to the state of Arkansas for said unpaid taxes and were certified to the state on the 22d day of December, 1936.

They further alleged that appellee, H. W. McHenry, on February 17, 1937, obtained a deed from Otis Page, Commissioner of State Lands, conveying to him the lands in question.

They further alleged that the tax sale of said lands for the unpaid taxes due thereon for the year 1933 was and is void as to said lands and conveyed no title to the state of Arkansas and its successor in title, appellee, H. W. McHenry, for a number of reasons, among them being, that the first publication of the notice of the tax sale was not published for two full weeks before the date of sale, as required by law, and, therefore, that the sale was invalid on account of the insufficiency in the notice of sale. We deem it unnecessary to discuss any question in this case except this question of the notice of sale.

The record contains an agreed statement of facts in which it is stipulated that the value of the timber cut from the lands is $766; "and that J. W. Reynolds obtained a timber deed, for said timber, from W. T. Flournoy and wife, dated November 16th, 1937; that said W. T. Flournoy, being the party in whose name this land was assessed for taxes for the year 1933, and returned delinquent and sold to the state of Arkansas on November 19th, 1934, and certified to the state on December 22d, 1936.

"It is further stipulated that on February 17th, 1937, the plaintiff, H. W. McHenry, received from the State Land Commissioner a tax deed to the lands involved in this lawsuit . . . that plaintiff is relying upon the tax deed above mentioned, and the defendant questions said tax deed for the various reasons set forth in the cross-complaint .. . ."

And further, "It is hereby stipulated by and between attorney for plaintiff and attorney for defendant that the notice of sale of lands for the taxes for the year 1933, in Union county, Arkansas, was dated the 6th day of November, 1934, and was published in the El Dorado Daily News and the Huttig News, the first insertion being on the 8th day of November, 1934, and the last insertion being on the 15th day of November, 1934, and the tax sale was held on the 19th day of November, 1934."

It is also agreed that the sale of the lands in question, for the taxes for the year 1933 was had under the provisions of Act 16 of the 1933 Special Session of the

Arkansas Legislature. Section 5 of this act, which amends § 6 of Act 250 of the General Assembly for 1933 (§ 10085 of Crawford & Moses' Digest), is as follows:

"There shall be published once weekly between the first Monday in November and the third Monday in November, in each year, in any county publication qualified by law, a notice to the effect that the delinquent lands, tracts, lots or parts of lots so entered in said delinquent land book will be sold, or so much thereof as is necessary to pay the taxes, penalties and costs due thereon, by the county collector, at the courthouse in said county (or district) on the third. Monday in November next, unless the taxes, penalties and costs be paid before that time . . ."

This court has held that the first publication of the notice required under the above section, shall be published for two full weeks before the sale.

In the instant case the notice for two weeks before the sale was not given. The first published notice was made on November 8th, the second on November 15th, and the sale was had on November 19th. It is, therefore, apparent that the two full weeks' notice required was not given, where the first publication of the notice was made, as in this case, only eleven days before the day of sale.

In the very recent case of *Schuman* v. *Metropolitan Trust Co.*, 199 Ark. 283, 134 S. W. 2d 579, this court in construing a statute identical with the one here set out except the dates on which notice was to be published, said:

"It will be observed that the law requires the notice to be published once weekly between the fifteenth of October and the first Monday in November. The former statute required publication of the notice once each week between the first Monday in November and the third Monday in November. The present statute is the same except the dates on which notice is to be published. . . .

"When this statute is given a common sense construction, there can be no doubt that the intention of the

legislature was that there should be at least two weeks' notice given. This could be done, under the statute, by publishing the notice on October 16 and another the following week; but instead of publishing the notice between October 15 and November 1, it was published between October 23 and November 1. It, therefore, gave but one week's notice, and it is clearly the intention of the legislature that there shall be two weeks' notice. . . .'' See, also, *Edwards* v. *Nall, ante* p. 9, 137 S. W. 2d 748.

The above cases control here. It is our view, therefore, that the tax sale was void. Accordingly the decree is reversed and the cause remanded with directions to the trial court to cancel the tax deed to appellee, H. W. McHenry, from Otis Page, Commissioner of State Lands for the state of Arkansas, and dismiss his complaint for want of equity. Appellants to recover their costs.