BOLIN *v.* KELLEY.

4-7032                                    169 S. W. 2d 865

Opinion delivered March 22, 1943.

*Bratton & Coleman,* for appellant.

*R. C. Waldron* and *E. H. Tharp,* for appellee.

McFADDIN, J.    This case involves a direct attack on the validity of a tax sale. The lot forfeited to the state in 1939 for the nonpayment of 1938 taxes. Appellant Bolin received a state deed in January, 1942. Thereafter the state proceeded under act 119 of 1935 to confirm title. Appellees intervened in that proceeding, attacked the validity of the sale, tendered the redemption money, and cross-complained against Bolin. Among other grounds of attack on the sale, it was alleged that the notice of sale was not published for the time provided by law. The chancery court found the tax deed to be defective, and allowed appellees to redeem and recover rents.

### 1.    Absence of Oral Testimony.

The transcript filed in this appeal does not contain the oral evidence heard in the chancery court, and the decree of that court contains the recital: "And the court, after hearing oral testimony and the examination of the tax records, deeds and decrees offered in evidence," etc. There is an entire failure to bring forward any of the oral testimony, and so we are forced to apply

the long-established rule that, where the chancery decree appealed from recites that oral testimony was heard, and the testimony is not brought up on appeal, then a conclusive presumption exists that the evidence sustains the decree. *Rowe* v. *Allison,* 87 Ark. 206, 112 S. W. 395; *Beecher* v. *Beecher,* 83 Ark. 424, 104 S. W. 156; *Murphy* v. *Citizens Bank,* 84 Ark. 100, 104 S. W. 187; *Tedford* v. *Chick,* 114 Ark. 167, 169 S. W. 769.

## 2. The Record.

We proceed then to an examination of the record to see if it discloses error. There is this affirmative finding by the chancellor: "It is clearly shown that the first notice was published in the *Times Dispatch* on October 26, 1939, which was less than two weeks' notice, as required by law, before the actual date of sale," and this finding is sufficient to sustain the decree. At the time of the tax sale in this case, § 13847 of Pope's Digest was the applicable statute governing publication of notice of delinquent tax sales, and the chancery court correctly held that statute to require publication for two weeks before the sale, and obviously this requisite could not have been accomplished when the first publication was on October 26. Section 13847 of Pope's Digest has been construed by this court in the cases of *Schuman* v. *Metropolitan Trust Company,* 199 Ark. 283, 134 S. W. 2d 579, and *Edwards* v. *Nall,* 200 Ark. 9, 137 S. W. 2d 748, and those cases are ruling here.

Finding no error, the decree is affirmed.