BROWN *v.* WALL.

4-7197 176 S. W. 2d 707

Opinion delivered January 10, 1944.

*W. J. Schoonover,* for appellant.

*Rose, Loughborough, Dobyns & House,* for appellee.

McFADDIN, J. This appeal involves the validity of a tax forfeiture.

Appellee, as plaintiff, filed suit in ejectment, claiming under a line of title from the record owner. Appellant, as defendant, claimed under a tax deed from the State, based on a tax forfeiture to the State in 1939 for the taxes of 1938. Tender was conceded by appellant, and there has been no confirmation of the State's title; so the

question is the validity of the forfeiture. The cause was tried before the circuit court, without a jury, on stipulated facts, from which we copy in part: "The plaintiff attacks the sale solely on the ground that the notice of sale was not in accordance with the provisions of § 13847 of Pope's Digest of the statutes of Arkansas. The defendants contend that the sale of November 6, 1939, was valid, notwithstanding the fact that only eleven days intervened between the first publication of the notice and the sale."

The stipulation also provided that the collector of Randolph county "published notice of sale in the Pocahontas *Star Herald* on October 26, 1939, and on November 2, 1939. He sold the property on November 6, 1939, which was eleven days after the first publication of the notice on October 26, 1939."

The circuit court found the tax forfeiture to be void, and rendered judgment for appellee; and this appeal follows. Learned counsel for the appellant, in the splendid brief filed herein thus states the issue:

"The simple question for decision in this case on appeal . . . is whether the collector's tax sale was advertised in the manner and for the time required by law, and specifically in accordance with § 13847 of Pope's Digest. . . . This court, in the case of *Schuman* v. *Metropolitan Trust Company,* 199 Ark. 283, 134 S. W. 2d 579, held that the first publication of the delinquent list, under the terms of this statute, must be made at least fourteen days prior to the date of sale. The Metropolitan decision was followed in *Edwards* v. *Nall,* 200 Ark. 9, 137 S. W. 2d 748, and also in the case of *Bolin* v. *Kelley,* 205 Ark. 539, 169 S. W. 2d 865. It is admitted that the first publication in the case under consideration was not made fourteen days before the date of sale, and unless this court was wrong in the three decisions just cited and is willing to overrule them, appellants have no standing in this court in this case and the same would necessarily have to be affirmed."

We are thus asked by appellant to overrule three cases of this court; and these cases are rules of property!

It is not necessary to consider what might be the views of the present members of the court, if the question here presented were a new one. The point is, that this court has previously decided this identical question in three cases, and these cases are ruling here, and we follow them.

What was said by Chief Justice McCulloch in *Burel v. Grand Lodge, I. O. O. F.,* 163 Ark. 131, 259 S. W. 369, in refusing to overrule previous decisions, expresses our views in the present case: "It seems that the decision in the McCarroll case (154 Ark. 376, 243 S. W. 870) involved precisely the same question presented in the case now before us. It is unnecessary to discuss the question at further length, for it was finally disposed of in the other case. The decision has become a rule of property, and should not be disturbed, even if the court was otherwise disposed to do so."

In *Britt v. Harper,* 132 Ark. 193, 200 S. W. 787, in refusing to overrule former decisions in regard to tax sales, we said: "Appellant concedes the court properly held the tax sale void under authority of the cases of *Berger v. Lutterloh,* 69 Ark. 576, 68 S. W. 37, and of *Hilliard v. Bunker,* 68 Ark. 340, 58 S. W. 362, . . . Appellant presents a strong argument against the correctness of these decisions. But, inasmuch as they have become rules of property, we decline to review them, and affirm the action of the court below in holding the tax sale void."

The argument of the appellant about the impossibility of publication in some counties for 14 days before the sale is a matter that should be addressed to the legislature rather than the courts. And here we parenthetically observe that § 13847 of Pope's Digest (the section in force at the time of the forfeiture here involved) was amended by § 3 of Act 64 of 1941 to provide for publication "once each week for two weeks between the third Monday in October and the second Monday in November,

in each year, the first publication to be at least fourteen days before the day of the land sale. . . ."

The judgment of the circuit court is, in all things, affirmed.