BECK *v.* RHOADS.

5-2789                                   361 S. W. 2d 545

Opinion delivered October 29, 1962.
[Rehearing denied November 26, 1962.]

*McMath, Leatherman, Woods & Youngdahl* and *G. Thomas Eisele,* for appellant.

*Joe W. McCoy* and *W. H. McClellan,* for appellee.

PAUL WARD, Associate Justice. Appellants, Buford F. and Dean K. Beck, filed suit to regain possession of two parcels of land in Malvern, and incidentally to cancel a deed conveying said lands to appellees, W. E. and Cecilia H. Rhoads, who were in possession at that time. The circuit judge (a jury having been waived) found the issues against appellants who have appealed for a reversal.

The facts presently set out are not in dispute. Subject to the claim of appellees hereafter mentioned, appellants have held a good record title to said lands since about 1945. The land was included in the Waterworks Improvement District No. 16 of the City of Malvern (hereafter referred to as District) which was organized somewhere around the year 1900. The assessments of benefits against the land were not paid for the years 1950-1951, and foreclosure followed. The foreclosure decree is dated February 14, 1952, and the District was the purchaser at the sale which followed. The land, not having been redeemed, was deeded to the District on February 13, 1960. Three days later the District executed a quitclaim deed conveying the land to appellee W. E. Rhoads who went into possession. The following month Mr. and Mrs. Rhoads obtained a $10,000 title policy from the American Title and Insurance Company, and in May (1960) they executed a mortgage on the land to the Bank of Malvern to secure a loan of $3,500. The bank also obtained a title policy. Appellants' suit was filed February 13, 1961.

Appellants make two basic contentions for a reversal. *One.* The trial court erred in refusing to give them a default judgment against the Rhoads. *Two.* The District's failure to give appellants notice (as required by statute) of the foreclosure proceedings rendered the decree (of foreclosure) void, which in turn voided the deed to the District and likewise the deed from the District to appellees.

The Bank of Malvern was made a party to the suit because of its mortgage on the land. Hereafter we will refer to it as the bank and to Mr. and Mrs. Rhoads as appellees.

*One.* Although the issue of a default judgment has been argued at length by both sides we deem it unnecessary to discuss that question since we have reached the conclusion that the decree appealed from must be reversed on the merits of the case presented under the second contention mentioned above.

*Two.* Several questions are raised and must be discussed under this point.

(a) Basically it was appellees' contention in the trial below, and it is their contention here, that appellants, having waited more than five years after the foreclosure decree, are barred from maintaining this suit under the provisions of Ark. Stats. § 37-108. The pertinent part of this section reads:

"All actions against the purchaser, his heirs or assigns, for the recovery of (lands sold by any collector of the revenue for the non-payment of taxes, and for) lands sold at judicial sales shall be brought within five [5] years after the date of such sale, and not thereafter. . . ."

In support of this contention appellees cite, among others, the case of *Cutsinger* v. *Strang,* 203 Ark. 699, 158 S. W. 2d 669. There the Court, in construing § 8924 of Pope's Digest (same as Ark. Stats. § 37-108), held appellant was barred from maintaining his suit after five years had elapsed in a situation comparable to that of this case, except for the fact that in the cited case there was no question of notice involved. Moreover, we think the *Cutsinger* opinion must be reappraised in the light of Act 195 of 1949 which appears in Ark. Stats. as Sections 20-412 *et seq.,* relied on by appellants. The provisions of Section 17 of Act 195 (Ark. Stats. § 20-418.13) may be summarized as follows: (a) The Board of Commissioners (of any Municipal Improvement District), before filing suit to collect delinquent taxes, shall obtain a list of the names of the owners and a description of their property; (b) a copy of the list shall be attached to the complaint; (c) twenty days before filing complaint, a registered letter (with return receipt requested) shall be sent

to each name on the list; (d) an affidavit of the person mailing the letter must be attached to the complaint.

Section 21 of Act 195 (Ark. Stats. § 20-446.1) also provides: "The owner of any land sold for delinquent installments due municipal districts shall have the right to redeem at any time within five (5) years from the date of sale. . . ." We interpret this section to mean the owner would have five years to redeem under any circumstances—even if he had been given the statutory notice. Act 195 of 1949 has never been before this Court for interpretation but, after a careful study of its many provisions and particularly Section 17 summarized above, we do not construe Section 21 to mean the owner could not redeem after five years where he was not given notice of the foreclosure suit. Any other interpretation would seem to nullify the express purpose for which the act was passed, which was "to provide more protection for the owners of property located within municipal improvement districts. . . ."

(b) The decisive question therefore is whether proper notice of the foreclosure suit was given to appellants. In this connection it is (and was) appellees contention that the decree of foreclosure is regular on its face and that, therefore, no evidence could be offered to the contrary. Supporting this contention they quote from the decree the following: "That notice of the pendency of this suit was given for the time and in the manner required by law. . . ." From this appellees conclude that Section 17 of Act 195 (summarized above) was complied with. This conclusion, however, is negatived by the emphasized portion of the decree copied below:

"That notice of the pendency of this suit was given for the time and in the manner required by law, *as evidenced by proof of publication filed herein, showing that due notice of this suit was given by publication of a notice in a newspaper having a bona fide circulation in Hot Spring County, for two weeks consecutively, the first insertion being more than four weeks prior thereto.*" (Emphasis ours.)

If it be true that appellants were not given notice, as they contend, then the foreclosure decree together with the deeds based thereon must be held to be void under the provisions of Ark. Stats. § 29-107 quoted below:

"All judgments, orders, sentences, and decrees, made, rendered, or pronounced, by any of the courts of the State, against any one without notice, actual or constructive, and all proceedings had under such judgments, orders, sentences, or decrees, shall be absolutely null and void."

In the case of *Woolfolk* v. *Davis*, 225 Ark. 722, 285 S. W. 2d 321 there appears this statement:

"The record here shows that there is a total lack of service upon any of the appellees; no pleadings either by complaint or cross-complaint to authorize the judgment. A judgment rendered without notice to the parties affected is void under our statute, Ark. Stats. 1947, § 29-107."

The uncontradicted testimony is to the effect that appellants had no notice of any kind (either actual or by registered mail) that the foreclosure suit would be, or was in fact, filed in this case. If the foreclosure decree was void it is, of course, subject to collateral attack under our decisions.

(c) Notwithstanding what we have heretofore said, appellees vigorously contend appellants' pleadings failed to raise the decisive question of the lack of notice heretofore discussed. This contention appears to be based specifically on the ground that the "record" in the foreclosure proceeding consists not only of the decree but also of the complaint and other pleadings, that the "record" was not challenged by appellants' pleadings. We are unable to find any merit in this contention. It is true that appellants' complaint deals extensively with matters foreign to the issues here raised (based on a forfeiture of the land to the state) but it does state that appellees claim an interest in the land based on a quitclaim deed from the District; then it states that the record entries are void for, among others, the following reasons: "There was no notice of sale of said lands given, as required by law."

Also, on March 1, 1961 (18 days after appellants' complaint was filed) the District filed its separate answer, stating the complaint did not state facts sufficient to constitute a cause of action and requested the court to dismiss the complaint. The court took no action on this request. Thereafter appellees (not having filed their answer within 20 days), on June 1, 1961, filed a motion asking time to file an answer. In this motion appellees stated (among other things) they purchased the land from the District February 29, 1960, and their defense was the same as that of the bank, but no request was made to have appellants' complaint dismissed. A few days later the bank filed a substituted answer in which (among other things) it admitted the validity of appellants' claim of title, but stated appellants were divested of their title by reason of the following things: (then follows four pages describing in detail how appellees secured their title by virtue of the foreclosure, the decree, and the deed from the District. Many exhibits were attached.) At no place in the answer was the sufficiency of the allegation of the complaint challenged. In addition to all this the trial court admitted appellants' testimony relative to the question of lack of statutory notice. Moreover, at one time appellants requested the court to treat the complaint as amended to conform to the testimony, and the record does not show this request was denied.

In view of all the above we are unwilling to hold the issue of lack of notice was not raised by the pleadings, or to hold that appellees were in any way misled. We find in the record no request by appellees to have the pleadings made more definite and certain.

(d) Appellees contend that appellants' complaint should be dismissed for failure to properly abstract the record. We have carefully examined this contention but find no merit in it.

(e) Appellees finally contend that it was incumbent upon appellants to plead a valid defense to the foreclosure action. It was so held in *Davis* v. *Bank of Atkins*, 205 Ark. 144, 167 S. W. 2d 876. We are unwilling to sustain this

contention for two reasons. *One.* The opinion in the cited case stated "The judgment against appellant here was not void but voidable". We have already cited the statute which says a judgment or decree without notice is void. This Court can not by its decision change the plain wording of a Statute. *Two.* In our opinion this is not the kind of situation, as it was in the cited case, where it is incumbent upon the appellants to plead a meritorious defense—at any rate to do more than tender the amount of taxes, penalty, and costs as appellants have done. Act 195 mentioned heretofore in no way says or intimates that a land owner can redeem only where he has paid his taxes. It does, however, give him a right to redeem where his taxes or assessments have not been paid. Therefore, it was not necessary here for appellants to allege they paid the assessments on their land.

We conclude, therefore that the judgment must be, and it is hereby, reversed, and the cause is remanded for entry of a judgment in accordance with this opinion.

Reversed and Remanded.

McFADDIN, J., concurs.

ED. F. McFADDIN, Associate Justice (Concurring). The appellants, Buford F. Beck and wife, filed this suit in the Circuit Court against W. E. Rhoads and wife, the Bank of Malvern, Waterworks Improvement District No. 16 of the City of Malvern, and other defendants. This is a collateral attack on a foreclosure decree rendered in the Chancery Court; and that is the point that gave me most trouble; but I have concluded that the foreclosure decree shows on its face that proper service was not obtained on Mr. and Mrs. Beck.

The Becks owned certain real estate (hereinafter called "property") in Waterworks Improvement District No. 16 (hereinafter called "District") of the City of Malvern. The assessment of benefits was duly made by the District against the property and annual payments were made by the property holders for several years. However, in 1950 the Becks defaulted in making the payments; the

District filed foreclosure proceedings in the Chancery Court of Hot Spring County and obtained a decree of foreclosure on February 14, 1952 (which decree will be subsequently mentioned) ; a Commissioner was appointed to sell the property; the sale was made; the District purchased the property at the Commissioner's sale; the sale was duly reported to the Court; and the report was approved on June 2, 1952. After a lapse of time, supposed to be the time for the redemption, the Court ordered the Commissioner to execute the deed conveying the property to the District; the deed was made on February 13, 1960; and approved by the Chancery Court the same day. Several days later the District sold the property here involved to W. E. Rhoads, and he executed a mortgage on the property to the Bank of Malvern. Then on February 14, 1961, Buford F. Beck and wife filed the present suit in the Hot Spring Circuit Court, seeking to recover possession of the property. Mrs. Beck had continued in possession of the property until some time in 1958, when she voluntarily moved away.

In the present case the Circuit Court held that the decree of foreclosure in the Chancery Court showed on its face that valid service had been had on the Becks, and refused to award them any relief. The reason I concur in the reversal of this case is because I believe the Chancery foreclosure decree shows on its face that there was no proper service on the Becks in the foreclosure suit brought by the said District; and the decree of a court of general jurisdiction (chancery court) can be attacked collaterally when the decree shows on its face an absence of proper service on the defendants. *Winn* v. *Campbell,* 94 Ark. 338, 126 S. W. 1059; West Ark. Digest, "Judgment" § 490.

Prior to the passage of Act No. 195 of 1949 the only service required in a foreclosure by a municipal improvement district was a notice published in a newspaper; and many property owners, living on their property, failed to see the notice in the newspaper and lost their property with no personal service of summons ever being obtained on them. To overcome this defect the 1949 Legislature passed Act No. 195, captioned, "An Act To Provide More Protec-

tion for the Owners of Property Located Within Municipal Improvement Districts." Section 17 of that Act (now found in § 20-418.13 Ark. Stats.) requires *(inter alia)*: that, before filing a suit to collect delinquent installments, the Board of Commissioners of the District shall submit the list of the delinquent property to a competent abstracter "who shall compile a list of the names and last known addresses of the owners of record of all tracts . . ." about to be foreclosed; that twenty days before the filing of the complaint, a registered letter, with return receipt requested, shall be sent to each such record owner of the property, containing a description of the property and the amount necessary to be paid; that as an exhibit to the complaint there shall be attached an affidavit of the person or persons who mailed said notices and a report as to whether the notices were returned; and that the amounts expended by the Board of Commissioners for obtaining the list and in sending the registered letters shall be certified by the Board to the Clerk and shall be charged on a per tract basis to the delinquent lands and, if not paid, shall be taxed as costs in the suit. The said Act No. 195 of 1949 should be liberally construed to effectuate its purposes.[1]

In the present case, the original complaint in the foreclosure suit brought by the District in 1952 is in the record, and there is no exhibit attached to the complaint; nor is there any reference in the complaint to any attempted compliance with the said Act No. 195. On the contrary, the decree of foreclosure shows on its face that service had been attempted under the law as it existed prior to 1949, because the decree recites, as contained in the Majority Opinion:

"The Court finds that notice of the pendency of this suit was given for the time and in the manner required by law, as evidenced by proof of publication filed herein, showing that due notice of this suit was given by publication of a notice in a newspaper having a *bona fide* circu-

---

[1] In 8 Ark. Law Review, p. 386, there is the address of J. L. (Bex) Shaver, as President of the Arkansas Bar Association, entitled, "A Commentary on State and Improvement District Tax Sales"; and the address contains a discussion of Act 195 of 1949.

lation in Hot Spring County for two weeks consecutively, the first insertion being more than four weeks prior thereto; . . .''

The foregoing is all that is recited in the decree as to service. The recitation as to the method of service by publication completely negatives any presumption that might be indulged to support the decree. If the decree had merely said, ''the court finds that notice of the pendency of the suit was given for the time and in the manner required by law,'' we could indulge the presumption of sufficient service. But when the decree goes on, as it does, and tells what kind of service it was, then we are bound by the statement of the Court as to what the service was. The situation here is very much like that in *Boland* v. *Kelly,* 205 Ark. 539, 169 S. W. 2d 865, where the oral testimony was not brought forward and we were asked to indulge the presumption that the testimony supported the findings of the Court; but the record recited a publication that was wholly insufficient to sustain the sale, so we set the sale aside. That is the situation here: a full study of the record discloses that there was no proper service in the municipal foreclosure suit. Furthermore, the decree, after stating the amount of delinquent taxes and penalties on each tract, recites that there is assessed against each tract an attorney's fee, court costs, and publication fee; and there is no reference to abstracter's cost or cost of the registered letters. This shows that said Act 195 was not followed.

Without proper service, the decree is void, as the Majority is holding. I am glad that the Majority cited the case of *Davis* v. *Bank of Atkins,* 205 Ark. 144, 167 S. W. 2d 876. My views are stated in a Dissenting Opinion in that case, in which I said that a default judgment, unless supported by a service of summons, was a void judgment. It cannot be said in the case at bar that the Becks have lost all their rights by lapse of time, because Mrs. Beck testified that she continued to live on the property at all times until 1958, when she moved to Hot Springs; and this present action was filed on February 14, 1961; so there was no lapse of time sufficient to bar the Becks.

Of course, the Becks owe and must pay the District the correct amount of the delinquent assessments, penalty, interest, and costs. When that is paid, they are entitled to recover. It would have been better if this entire proceeding had been conducted in the Chancery Court, but the litigants selected their forum and justice has been accomplished. For the reasons herein stated, I concur with the result reached by the Majority.