The Honorable Jim Hudson Prosecuting Attorney P.O. Box 177 Lewisville, AR 71845
Dear Mr. Hudson:
This is in response to your request for an opinion regarding the validity of the sale of property located in Lafayette County. Your specific question is restated as follows:
 Was the sale of land held in Lafayette County with notice first published on November 11, 1982, and sale held on November 24, 1982, valid under the applicable law as it existed in 1982?
Act 80 of 1955, as amended prior to its amendment in 1985 (Act 953 of 1985), is the controlling piece of legislation in this instance. The law as it existed in 1982 (See Ark. Stat. Ann. 84-1103, the former codification of Act 80 of 1955, as amended), required that the initial publication be at least fourteen (14) days prior to the day of the land sale. Section 84-1103 provided in pertinent part:
 The clerks of the several counties of this State shall cause the list of the delinquent lands in their respective counties, as corrected by them, to be published once each week for two [2] weeks between the fourth Wednesday in October and the third Wednesday in November in each year, the first publication to be at least fourteen [14] days before the day of the land sale.
The statute is clear and unambiguous in providing that there must be fourteen [14] days between the initial publication of notice of the sale and the sale itself. A plain reading of the statute mandates this conclusion and this is the view taken by the Arkansas Supreme Court. The Court has further held that when the first notice appears less than two weeks before the actual sale, such notice is insufficient and the sale invalid. See, McWilliams v. Clampitt, 195 Ark. 908, 115 S.W.2d 280 (1938); Schuman v. Metropolitan Trust Co., 199 Ark. 283, 134 S.W.2d 579 (1939); Edwards v. Nall, 200 Ark. 9, 137 S.W.2d 748 (1940); Reynolds v. McHenry, 200 Ark. 130, 140 S.W.2d 106 (1940); Bolin v. Kelley,205 Ark. 539, 169 S.W.2d 865 (1943); Brown v. Wall, 206 Ark. 576,176 S.W.2d 707 (1944).
As a general matter, "[t]he date of publication of notice in a newspaper is . . . the day that it is seen and read in the paper by the public." 66 C.J.S. Notice 18(1). However, "[i]t is not necessary that the paper reach every member of the public, but its publication will date from the date when the public begins to receive it from the publishers." Id. It may thus be concluded that a court would look to the actual date of the newspaper's circulation to determine the date of publication of notice. According to your request, the paper was circulated on Wednesday, November 10, 1982, notwithstanding the fact that Thursday, November 11, 1982 is the date printed on the paper itself.
It therefore appears that publication did occur at least fourteen (14) days before the date of sale as provided under 84-1103. This set of facts supports the conclusion that the sale on November 24, 1982 was valid.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.